## BARROWS v. HARRISON, SHERIFF.

1. DELIVERY OF PERSONAL PROPERTY. A contract for the sale of personal property which was in the possession of the vendor's agent at I, was made in D, on the 11th day of November, 1858, the vendor giving an order directing such agent to deliver the property to the vendee. His order was presented to a party who was acting for the agent at I, on the following day, the agent himself being absent. It was accepted, but the vendee consented to permit the property to remain in his hands until the return of the agent. On the same evening, at D, the agent acting for the• vendor executed to the vendee a bill of sale conveying the same property. On the next day the agent and vendee, on returning to I, found that the property had been attached to satisfy demands against the vendors: *Held,* That the delivery was sufficient, and that the vendee was entitled to the possession as against the creditors of the vendor.

*Appeal from Johnson District Court.*

THURSDAY, DECEMBER 5.[1]

*Brown & Armstrong* and *Edmonds & Ransom,* for the appellee.

I. The rule is well settled that the delivery of possession is necessary in a conveyance of personal property as against every one but the vendor. *Lampear* v. *Sumner,* 17 Mass. 110; *Lamb et al* v. *Durant,* 12 Mass. 54; *Caldwell* v. *Ball,* D & E. 205. In all cases of constructive or symbolical delivery, the circumstances must be such that the vendee can have entire or immediate control of the property. *Manton* v. *Moore,* 7 S. & R. 67; *Jewett* v. *Warren,* 12 Maine 300; *Truxton* v. *Moore,* 9 Pick. 347; *Whittaker* v. *Sumner,* 20 Ib. 399; 2 Ves. Sr. 243; 1 Denio 48; 2 Kent (4th ed.) 501 *et seq; Burrill* v. *Robertson,* 5 Gill. 288. Where any acts necessary to vest the possession remain to be done, there is no delivery. *Rapleye* v. *Smith,* 5 Cow. 250; 2 Kent (4th

---

1. This case does not appear in the proper order for the reason that a petition for a rehearing, filed by the counsel for the appellant, was pending when the opinions filed at this date were going through the press.

ed.) 495; *Hutchman* v. *Hunter*, 7 Barr 140; *O'Keefe* v. *Kellogg*, 15 Ill. 352; Chit. Cont. 375. To avoid the presumption of fraud the change must be open, visible and notorious. *Cudbury* v. *Nolen*, 5 Barr 320; *Durkee* v. *Mahoney*, 1 Aiken 116; *Mott* v. *McNeil*, 1 Ib. 162; *Waller* v. *Crabbe*, 8 B. Monr. 11; 1 Smith's L. C. 78. Property in the hands of a bailee may be delivered without an actual transfer, by notice to the bailee and an agreement on his part to keep the property for the vendee. *Whitney* v. *Lynch*, 16 Verm. 579; 1 Smith's L. C. (5th ed.) 78; *Merritt* v. *Miller*, 13 Verm. 416; *Patten* v. *Washburn*, Ib. 558.

II. It is error to assume in an instruction, that to be true of which there is no proof. *Howes* v. *Carver*, 3 Iowa 257; *Moffat* v. *Cresler*, 8 Ib. 122; *The United States* v. *Brentling*, 20 How. 352.

*Clarke & Davis* for the appellee.

When property is in the hands of an agent of the vendor in a different place from that where he resides, a delivery to the purchaser of an order for the goods, a warehouse receipt, or any other ensignia of title or ownership, is sufficient to pass the property to the purchaser, and constitutes a sufficient delivery. Story Cont. 884; *Linton* v. *Butz*, 7 Barr 89; *Carter* v. *Willard*, 19 Pick. 8; *Adams* v. *Foley et al*, 4 Iowa 44; *Chaplin* v. *Rogers*, 1 East. 192; *Jewett* v. *Warren*, 12 Mass. 300, and cases there cited; *Kimberly* v. *Patchin*, 5 Smith N. Y. 330; *Nash* v. *Ely*, 19 Wend. 523; Story Bailments 282; Story on Sales § 311; *Pleasants* v. *Pendleton*, 6 Randolph 473; Chit. Cont. 390; *Hollingsworth* v. *Napier*, 3 Caines 182, and note; *Plymouth Bank* v. *The Bank of Norfolk*, 10 Pick. 574; *Wilkes* v. *Farris*, 5 John. 335; *Luxworth* v. *Moore*, 9 Pick. 346.

BALDWIN, J.—Upon the 11th day of November, 1858, Chubb Brothers, Barrows & Co., a Banking House doing business in the city of Davenport, sold to the plaintiff a

certain lot of furniture, the property in controversy, which was at the time of such sale in the possession of one John S. Reed, Sr., at Iowa City. As the agent of said firm, Barrows, the plaintiff, when he purchased said property, received from the firm an order upon said Reed to deliver to him the possession of said property. Upon the day of the purchase, the plaintiff presented the order for the goods at the store of said agent, notified John S. Reed, Jr., who was acting in behalf of his father, the agent of said firm, who was then absent, of his purchase, and demanded possession of the furniture so purchased by him. Reed, Jr., remarked that it was all right, and accepted the order. But as there were other goods in the store-room and warehouse, the plaintiff consented to let them remain there until the return of Reed, Sr. There was no invoice, change or removal of the property; and Reed, Jr. was left in possession thereof. Upon the same day, the plaintiff proceeded to Davenport, where he met Reed, Sr., to whom he stated the fact that the sale had been made, and that he had presented an order to the son for the possession of the goods. Reed, Sr., on that evening, as the agent of Chubb Brothers, Barrows & Co., and in their name made a bill of sale of said furniture, and delivered the same to the plaintiff. The plaintiff and Reed, Sr., returned to Iowa City upon the morning of the following day and found that the defendant, as sheriff, had attached said furniture as the property of Chubb Brothers, Barrows & Co., at the suit of their creditors. The plaintiff asserts his right to the possession of the property by virtue of his sale from said firm, not only by the receipt and presentation of the order upon said agent for said goods, and the acceptance thereof, but also by virtue of the sale on the evening of the 11th, by Reed, Sr., as the agent of the firm, and the delivery of the same; all of which took place prior to the levy of defendant under his writs of attachment. The defendant justifies his taking and possession under the

levy of the attachments, and claims that there had been no sale or delivery at the date of the levy.

Under the evidence which tends to prove the foregoing statement of facts, the court, on motion of plaintiff, instructed the jury as follows: "That if the jury believe from the evidence, that the property in controversy was in the possession of John S. Reed, at Iowa City, as the agent of Chubb Brothers, Barrows & Co., the owners of the property and subject to their order; that the said Chubb Brothers, Barrows & Co., prior to the levy of the said attachment, sold the said property to the plaintiff, and gave him an order on the said John S. Reed for the delivery of the same to the said plaintiff; that the said plaintiff, prior to the levy of the said attachment, delivered the said order to the son of the said John S. Reed, Jr., in the absence of the father; that the said son of said Reed was the agent of his father, and attended to his business in his absence; that the said son retained the said order to be delivered to his father for the plaintiff; that afterwards, and before the levy of the said attachment, the said plaintiff saw the said John S. Reed, himself, at Davenport, and the said Reed agreed to hold the said goods for, and as the agent of the plaintiff; that then and in that case, there was such a delivery of the property to the plaintiff, as vested in him the title to the same, and he is entitled to hold said property as against the said attaching creditors of Chubb Brothers, Barrows & Co."

The court also refused to instruct the jury at the request of the defendant: "That if Mr. Reed had actual possession of the property upon leaving the city for Davenport, as above stated, and during his absence sold the property by the instrument in evidence, and became, upon such sale, by agreement at Davenport, the agent of plaintiff, but before he returned and acquired actual possession as such agent of plaintiff these writs were levied, the delivery was not complete." That, "it is incumbent on the plaintiff to show an

HARVARD
LAW SCHOOL
LIBRARY.

actual transfer of the possession," and that a delivery of the possession is necessary in a conveyance of personal chattels, as against every one except the vendor. Between the vendor and vendee the property will pass without delivery, but not with respect to third parties who may afterwards acquire a title to the goods under the vendor. The provisions of our statute, in force when this sale was made, are as follows: "No sale or mortgage of personal property, where the vendor or mortgagor retains actual possession thereof, is valid against existing creditors or subsequent purchasers, without notice, unless a written instrument conveying the same is executed, acknowledged like conveyances of real estate, and filed for record with the recorder of deeds of the county where the holder of the property resides." See § 1193 of the Code. It will be noticed, that where the vendor retains *actual possession* of the property sold, that the vendee cannot hold the property as against existing creditors. This is not only the statutory, but the common law rule. But did the vendors, Chubb Brothers, Barrows & Co., retain the *actual possession* of this property after the sale?

The rule of law seems to be well settled, that where the property sold is not in the actual possession of the vendor, or in his custody, so that there may be a manual delivery, the law does not require an actual delivery, but only that they be placed in the power of the purchaser. The transference of any article, which is an indication of ownership, or any act, by either party, assented to by the others, which implies a change of ownership, is a sufficient constructive delivery, for the law never insists upon an actual delivery where it would be impracticable. See § 810, Story on Contracts. So, also, if the property sold be in the hands of a third person, and at the request of the vendor he consent to hold it as bailee of the vendee, there is a constructive delivery so as to pass the property,

and the creditors of the vendor cannot attach it. See *Potter* v. *Washburn*, 13 Verm. 538. And even although such bailee do not consent to hold them for the vendee, yet if a request be made to him and a bill of parcels be delivered to the vendee, the property would be thereby changed. See *Carter* v. *Willard*, 19 Pick. 1. "It requires something more than the execution of a bill of sale by an agent absent from the property, and an agreement to become the agent of the buyer, to make a sale and delivery of personal property by the Code." These and like instructions tending to direct the jury that there must be an actual visible change in the possession of the property sold, or otherwise it was subject to the attachments held by the defendant, were refused by the court.

The court by its ruling, in substance, directed the jury that it was not necessary that there should be an actual delivery of the goods sold to plaintiff, to make his title complete as against subsequent attaching creditors. In other words, they were directed to find for plaintiff, if they could determine from the evidence that the sale to plaintiff was made in good faith, and for a valuable consideration, notwithstanding the fact that there was no change in the actual possession of the property so sold.

The common law rule is, that the sale as between the vendor and vendee in this case was complete, and it was not necessary that there should be a manual delivery of the property to pass the possession to the vendee. The goods were in the possession of Reed, Sr., subject to the order of the vendors, and when their order for the delivery was presented and accepted by the person in charge thereof, there was such a delivery as would pass the title to the vendee, that is, if there had been a *bona fide* sale of the goods. A delivery may be either actual or constructive. See Story on Contracts, § 805. And granting, as claimed by the plaintiff, when upon the day he demanded possession of young

Reed, there had been no sale to plaintiff, the sale on the evening of the same day by Reed, Sr., as the agent of the vendors, was so complete as to justify the court in instructing the jury as it did.

In the case of *Luxworth* v. *Moore*, 9 Pick. 346, the plaintiff had purchased of one Goodrich, a mare which had been placed in a livery stable to board. The trade was made by correspondence, and there was no actual change in the possession of the property, and it was subsequently attached as the property of the vendor. PARKER, C. J., in delivering the opinion of the court, said, "the only question is, whether the sale by Goodrich to the plaintiff was complete before the attachment by defendant." "It is objected that there was no delivery, and there was none in point of form; but if the contract of sale was *bona fide*, and for a valuable consideration, which we take to have been settled by the jury, then if there was a symbolical delivery, or if the plaintiff come to the possession in virtue of the contract, the property passed not only between the vendor and vendee but against everybody." So in the case of *Paul Ricker* v. *Joseph Cross*, 5 New Hampshire 570. Trover for a chaise and horse. One Whitehouse being the owner of said chaise and horse, and various other article of personal property, and being indebted to plaintiffs transferred the same to them for their benefit as creditors. Previous to the time of said transfer the said chaise and horse had been let for him and were at that time in the possession of the hirer at a distance. Before the plaintiffs obtained possession, the defendant attached the said property while in the possession of the hirer. It was held by the court that there had been a sufficient delivery. RICHARDSON, C. J., in his opinion says, "where chattels sold are so situated that there can be no delivery at the time of the sale, the case forms an exception to the general rule, and it is sufficient if the vendee, without any gross laches, take possession and asserts

his title in a reasonable time after he has an opportunity to take possession."

It is claimed by the appellant that the instructions asked by the plaintiff and given by the court are objectionable, for the reason that they are hypothetical and based upon a state of facts unsupported by the evidence. Some of the instructions given are to a certain degree liable to this objection, but the main point in controversy is as to the sufficiency of the delivery, or whether a delivery can be made without an actual change in the possession of the property. The facts of the case do not appear to be controverted, and the sale having been proved to have been made in good faith and before the levy of the attachments by defendant, we are unable to see in what manner the rights of the defendant were prejudiced by the instructions given.

Affirmed.