AULTMAN, MILLER & COMPANY v. CHRISTIAN NILSON, Appellant.

.Acceptance and Delivery.    Where at the time defendant gave M., plaintiff's agent, an order for machines, M. told him that they would have to be removed at once, as they were in a warehouse used by K., formerly their agent, and K wanted them taken away, and defendant said he would see if K. would not let them remain a while, and he did see him, and make arrangements for leaving them there, there is a complete delivery and acceptance of the machines.

'SAME.    No further acceptance of a written order for a machine than a delivery of the machine is necessary.

False Representations:  MATERIALITY.  A purchase of a machine cannot be rescinded because of false representations that A. is the local agent of the seller, and would keep repairs for the machine, repairs being kept by another, and it not being shown that the purchaser would suffer by S. not being such agent.

'Cross Examination:  INTEREST OF WITNESS.  To show the interest in the litigation, where defendant sought to avoid a contract of purchase from plaintiff of a Buckeye binder, a witness for defendant S., who wrote a letter for defendant to plaintiff to cancel the order for the binder, and who, between the time of making such contract and the writing of such letter, sold a McCormick binder to defendant, may be asked as to the employment of defendant's attorneys by the McCormick Company.

*Appeal from Fayette District Court.*—HON. A. N. HOBSON, Judge.

SATURDAY, DECEMBER 22, 1900.

ACTION on a written contract of sale of farm machinery. There was a directed verdict, and a judgment thereon for the plaintiff. The defendant appeals.—*Affirmed.*

*Ransier & Everett* for appellant.

*Ainsworth, Ainsworth & Dykins* for appellee.

SHERWIN, J.—A written order for the machinery in question was taken at Clermont, Iowa, May 11, 1897, by plaintiff's general agent. At that time the machinery was in a warehouse at that place, which was used by one Alexander McKinley, who had formerly been plaintiff's local agent there. At the time the order was taken the plaintiff's agent who took it told the defendant that the machines would have to be removed at once, for the reason that Mr. McKinley was no longer their agent, and wanted them taken away. After the contract was made, the defendant stated that he would see if Mr. McKinley would not let the machines remain there a while or until he "got his corn planting done." He saw Mr. McKinley, and himself made arrangements for leaving the machines there until some future time. In June he again visited Mr. McKinley, and asked that they be kept there a little while longer, which was assented to. The defendant never took the machines, and on the nineteenth of June, 1897, he sent the following letter to the plaintiff's general agent at Cedar Falls, Iowa, which letter was received in due course of the mail: "Dear Sir: You will please cancel my order given to Henry Muehe for one open-end Buckeye binder, 6-foot cut, and one 4' 6" mower, at once, as said order was given to him by me through misrepresentation. When Mr. Muehe was here, he assured me that Mr. J. H. Sheehan, of this place, was to become agent for the Buckeye Co. here. I have since learnt that this was not true, and I hereby notify you to cancel my order, as I will not accept the goods. Yours, sincerely, Christian Nilson." The facts which we have set out above are undisputed; and, based upon them, the defendant urges that the sale was not completed, because no acceptance of the order is shown, and, further, because there was no deliv-

ery of the machines to him. There was no provision in the contract requiring any action on the part of the plaintiff to make the transaction a completed sale, and upon delivery of the machines to the defendant it was completed, so that a rescision could not be made,—if, indeed it could have been made at any time after the contract was signed. That there was a sufficient delivery in this case we do not doubt. It was clearly the intention of the parties that the title should pass at the time, and in pursuance of such intention the defendant immediately exercised ownership thereover by his arrangement with Mr. McKinley. This, under the circumstances, constituted a complete delivery and acceptance of the machines. *Brown v. Wade,* 42 Iowa, 650; *Barrows v. Harrison,* 12 Iowa, 588; 21 Am. & Eng. Enc.

Law, 550, 553, and cases cited. The defendant pleaded false and fraudulent representations inducing the purchase. It was claimed that the plaintiff's general agent represented that J. H. Sheehan was the local agent for the plaintiff for the year 1897, and would keep repairs for the machines in Clermont, Iowa. The defendant testified to that, in substance, and it is squarely denied by the agent who made the sale. It will be noticed that the defendant's claim in his letter of June 19, 1897, is not as broad as his testimony. In his letter he says that he was assured that Mr. Sheean was to become the agent of the plaintiff. But, conceding his broadest claim to be true, was it such a fraudulent representation as to make the contract voidable? We think not, for it is practically conceded that the only interest the defendant could have in a local agency was to enable him to procure such repairs or extras as might prove necessary in the use of one or both of the machines. We are unable to see how it could make any possible difference to him who the person might be who kept or was to keep these repairs. The record shows without dispute that repairs for both machines were in the possession of Mr. McKinley,

where they remained for some time, at least, after the defendant attempted to repudiate his contract. If there was a promise only to keep repairs in the hands of Mr. Sheehan, no fraud could be predicated on a failure to do so (*Van Vechten v. Smith*, 59 Iowa, 173), and if defendant was informed that Sheehan was in fact already the agent, and either then had or would keep the necessary repairs, he must still prove that he would in some way suffer injury by the fact that he was not such agent. This he has not attempted to do; hence we conclude that, at most, the representations, if made, were, in effect, nothing more than that repairs would be kept in Clermont for defendant's convenience. *Hubbard v. Weare,* 79 Iowa, 678, Cooley Torts, 474; Bishop·Non-Contract Law, section 33; *Dudley v. Briggs,* 141 Mass. 582· (6 N. E. Rep. 717).

Objections are made to the rulings on the admission and rejection of testimony relating to the transaction between plaintiff's agent and the defendant, but we find nothing in the record which requires a reversal on that ground. A little more latitude might well have been allowed on cross-examination, but the essential facts were fully brought out.

There was no error in permitting questions to Mr. Sheehan as to the employment of defendant's attorneys by the McCormick Company, whose agent he was. It appeared that he wrote the letter of June 19th to the plaintiff's general agent at Cedar Falls, and also that he sold a McCormick binder to the defendant after May 11, 1897. The questions tended to show his interest in the litigation. On the whole record we think the court properly directed a verdict for the plaintiff. The judgment is therefore AFFIRMED.