## AVERY MANUFACTURING COMPANY *v.* EMSWELLER.

[No. 4,445. Filed June 16, 1903.]

SALES.—*Delivery.*—The law only requires such a delivery as is consistent with the nature and situation of the thing sold, and with the relations of the parties to the sale. *p. 293.*

SAME.—*Threshing Machinery.*—*Delivery.*—Where threshing machinery sold was to be delivered at a designated place, but by a subsequent arrangement between the parties it was agreed that the machinery should be accepted as it stood, the buyer can not successfully defend an action on the purchase-money notes on the ground that the machinery had not been delivered to the place first designated. *pp. 292–294.*

From Franklin Circuit Court; *F. S. Swift*, Judge.

Action by the Avery Manufacturing Company against William Emsweller. From a judgment for defendant, plaintiff appeals. *Reversed.*

*M. W. Hopkins, R. T. MacFall* and *C. F. Jones,* for appellant.

WILEY, J.—Appellant sued appellee upon two notes, and to foreclose a chattel mortgage securing their payment. Upon issues being duly joined, the cause was tried by the court, resulting in a general finding for appellee.

Appellant's motion for a new trial was overruled, and the correctness of this ruling is challenged by the assignment of errors.

Under the motion for a new trial, the only question that need be considered is the sufficiency of the evidence to sustain the finding.

The notes in suit were given as an evidence of the unpaid purchase price of an engine, separator, and threshing outfit, sold by appellant to appellee. This same threshing outfit had previously been sold by appellant to one Hinton, who had given a mortgage to the vendor to secure the payment of the unpaid purchase money. Hinton defaulted in the payment, and, by virtue of the provisions of the mortgage, appellant took possession of the property, advertised it for sale, and itself became the purchaser. At the time of the sale, the engine and separator were upon the farm of one McCoy, in Rush county, where it had been left by Hinton at the close of the threshing season of 1898. Appellee gave a written order for the purchase of the property, and in that order it was provided that appellant was to deliver it to him at a place designated. Appellee defended below upon the ground that appellant had failed to deliver the separator according to the terms of the contract, that Hinton had taken possession of it, and that it never came into his possession. Appellee went to McCoy's, took actual possession of the engine, removed it to his mill, and used it there till the threshing season of 1899 began. Appellant claimed, by way of reply, that, though the contract provided that the property was to be delivered to appellee at a designated place, yet by a subsequent arrangement it was agreed that it should remain at McCoy's, to do his threshing, and was to do it before he did any other job. In the correspondence between the parties it plainly appears from the letters written by appellee that he purchased the property as it stood on the McCoy farm. When he took the engine away, to use in his mill, he was asked if he was not going to take the separator, and he replied that he expected to leave it there,—meaning on the McCoy farm, where it was. After he brought the engine back to commence threshing, and found that Hinton had taken and was using it, he commenced a replevin suit against him, in which he made an affidavit that he owned and was en-

titled to the possession of it. He afterwards dismissed the replevin suit, on the advice of an attorney, on the ground that appellant should have brought the action.

There is no contradiction in the evidence upon any material fact, and it clearly appears that all the property purchased, and for which the notes were given, was delivered to appellee according to the agreement, understanding, and intention of the parties. The law only requires such a delivery as is consistent with the nature and situation of the thing sold, and so, when the goods are ponderous or bulky, or can not conveniently be delivered manually, or where they are not in the personal custody of the seller, actual delivery is dispensed with, and symbolical or constructive delivery will suffice. Story, Sales (4th ed.), §§311-311b; Benjamin, Sales (7th ed.), §§674-698; 21 Am. & Eng. Ency. Law, 550.

The law recognizes the fact that all species of personal property are not capable of the same kind of possession, and requires only that a purchaser or donee should take such possession as the character and nature of the property admit of. And in the many cases in which an actual delivery of the property sold is impossible or impracticable it is not required, but a constructive or formal delivery is deemed sufficient. 14 Am. & Eng. Ency. Law (2d ed.), 374, and cases there cited.

Another rule relating to delivery is that, in determining what is necessary to constitute a sufficient change of possession, due regard must be had to the character of the property, the nature of the transaction, the position and relations of the parties to the sale, and the intended use of the property. *Montgomery* v. *Hunt,* 5 Cal. 366; *Lay* v. *Neville,* 25 Cal. 545; *Hewett* v. *Griswold,* 43 Ill. App. 43; *Kipp* v. *Lamoreaux,* 81 Mich. 299, 45 N. W. 1002; *Tunell* v. *Larson,* 39 Minn. 269, 39 N. W. 628; 14 Am. & Eng. Ency. Law (2d ed.), 375.

In *Bertelson* v. *Bower,* 81 Ind. 512, it was held that where A contracted with B to purchase all the spring lambs of B at designated prices, the seller to pasture them until the buyer called for them, the title to them vested at once in the buyer, where there was no setting the property apart and no actual delivery.

It appears from the record that it was the evident intention of the parties that the property was sold to appellee as it was, and where it was, and that after the sale it was to be wholly under his dominion and control. This is emphasized by the fact that appellee did take possession of the engine at McCoy's, and left the separator there because there was where he wanted it, and where he first intended to use it. He could have taken actual possession of the separator, and removed it, as he did the engine, if he had so desired. The parties agreed between themselves as to what should constitute a delivery, and appellant did all that was necessary to be done in order to put the property completely and unconditionally at the disposal of appellee. This was sufficient. Mechem, Sales, §§1186, 1187; *Stephens* v. *Gifford,* 137 Pa. St. 219, 20 Atl. 542, 21 Am. St. 868; *Pinkham* v. *Mattax,* 53 N. H. 600; *Gray* v. *Davis,* 10 N. Y. 285; *Phillips* v. *Ocmulgee Mills,* 55 Ga. 633. See, also, *Aultman, etc., Co.* v. *Nilson,* 112 Iowa 634, 84 N. W. 692.

The evidence does not support the verdict. Judgment reversed, and the court below is directed to sustain appellant's motion for a new trial.