Nov. Term, 1845.

Griggs
v.
Voorhies.

---

GRIGGS *v.* VOORHIES and Another, Administrators.

7b 561
165  637

In debt on a writing obligatory, a plea of release should allege that the release was under seal.

Evidence of the declarations of a witness, made out of Court, that he is interested in the suit, is inadmissible to prove him incompetent.

To permit a party to ask a witness, whom he had previously called and examined, and whose testimony was unimpeached, whether he had any interest in the suit, is irregular, but cannot be assigned for error.

In a suit by *A.* and *B.*, administrators, for the use of *C.*, it was held that *A.* and *B.*, if non-residents, might be required to give security for costs.

ERROR to the *Allen* Circuit Court.

SULLIVAN, J.—The defendants in error, as the administrators of *John S. Duryee*, deceased, brought an action of debt against *Griggs* on a sealed note, executed in the state of *New Jersey* on the 1st day of *May*, 1817, payable one year

Tuesday,
December 9.

Nov. Term,
1845.

GRIGGS
v.
VOORHIES

after date. The declaration showed the suit to be for the benefit of *C. E. Sturgis*. Before the defendant pleaded, he moved for a rule on the plaintiffs to show cause why they should not give security for costs, founded on an affidavit stating that they were not residents of the state of *Indiana*. The Court overruled the motion, and the defendant excepted.

The defendant then pleaded six pleas. 1. That the plaintiffs never were administrators. 2. That the letters of administration, or a copy of them legally authenticated, had not been filed in the clerk's office of the *Allen* Circuit Court. 3. A release by the plaintiffs to the defendant. 4 and 5. Payment. 6. That before the commencement of the suit, the plaintiffs had "settled" said estate, and had been fully discharged from the further, administration thereof, by the surrogate of *Somerset* county, *New Jersey*, according to law, &c. Replications to the 1st, 2d, 4th, 5th, and 6th pleas, and a special demurrer to the 3d plea. The demurrer was sustained. The cause of demurrer assigned was, that the release pleaded was not under seal. The issues of fact were tried by a jury. Verdict for the plaintiffs; motion for a new trial overruled; and judgment on the verdict.

The demurrer to the 3d plea was properly sustained. The plea did not show that the release pleaded was under seal. The debt pretended to be released was due by an instrument under seal, and it required a writing of equal dignity to release it. The weight of authority is to that effect. Co. Litt. 264.— *Sellers* v. *Bickford*, 8 Taunt. 31.— *Cordwent* v. *Hunt*, *Id*. 596.

On the trial, the plaintiffs produced one *Merchand* as a witness, who was sworn without objection from the defendant, and who proved that in *July*, 1841, he presented the note on which the suit was brought to the defendant for payment; that the defendant admitted that the note was due and unpaid, and that he would pay fifty or one hundred dollars on it in the fall, and the balance as soon as he was able to do so. The witness further stated that the defendant had, at several times, acknowledged to him that the note was unpaid. The defendant, who declined to cross-examine the witness, then called one *Striker* as a witness, by whom he offered to prove that *Merchand* had admitted to him, that he (*Merchand*) had

an interest in the suit, and that all that should be collected over 100 dollars would be his. The plaintiffs objected to the testimony, and the Court excluded it. We are aware that there are cases in which it has been held, that declarations made by a witness out of Court that he was interested in the suit, might be proved to establish his incompetency. 1 Harr. & J. 105.—2 Hayw. 340.—1 Coxe, 277. On the other hand, it has been held that such declarations are inadmissible to prove the witness incompetent. It is said that the principle, by which a witness is excluded on account of such declarations, assumes that such unsworn statements are true, and enables an unwilling witness to deprive a party of his testimony *ad libitum.* 1 Stark. Ev. 137, note. In *Massachusetts* it has been expressly decided, that such declarations are not sufficient to exclude the witness. *Commonwealth* v. *Waite*, 5 Mass. 261.—*Pierce* v. *Chase*, 8 *id.* 487. For the reason above given, we concur in the opinion, that such declarations are inadmissible.

After the defendant had closed his testimony, the plaintiffs recalled *Merchand*, the witness by them first introduced, and inquired of him whether he had any interest in the suit. The defendant objected to the question, but the Court permitted the witness to answer, and he said that he had not. This was irregular. There had been no testimony introduced by the defendant, affecting the competency, or impeaching the credibility of the witness. Such testimony had been offered, but had been ruled out. We do not think, however, that it was such an error as should reverse the judgment. The witness stood in the same condition, as to his credibility and his competency, before he answered the question as he did afterwards; and the examination, irregular as it was, could have no effect on the case.

An exception is taken to the declaration on account of a misjoinder of counts. We think there is no misjoinder. Both counts are in debt.

The judgment must be reversed, however, on account of the refusal of the Court to require the plaintiffs to give security for costs. It was the privilege of the defendant, if he obtained a judgment in the action, to take judgment against *Sturgis*, for whose use the suit was brought, for the costs, if

Nov. Term,
1845.

he desired it.   R. S. 1843, p. 735.   But he was not compell-
ed to do so.   If not satisfied with *Sturgis,* he had a right to
require security, as in other cases, or to have the suit dis-
missed.

 *Per Curiam.*—The judgment is reversed with costs.
Cause remanded, &c.

 *D. H. Colerick* and *J. G. Walpole,* for the plaintiff.

 *W. H. Coombs* and *R. Brackenridge,* for the defendants.