*Hempstead & Burt*, for defendant.

———•◦•———

## FRENTRESS *v.* MARKLE.

A joint debtor has a contingent demand against his co-debtor, which is proveable under the fifth section of the general bankrupt law, and is barred by a certificate of bankruptcy; such bankrupt is therefore a competent witness in an action against his co-debtor.

E and J executed their partnership note to F; before the note became due, E and J dissolved partnership, and it was agreed that E should take the goods and credits and pay the debts of the firm. F approved the arrangement and promised to return the partnership note and take in satisfaction the individual note of E, and give J a receipt; but the old note was not given up nor was a new note, or receipt given; F sued E and J, but obtained service and judgment only against E, who was afterwards discharged from the judgment by a decree in bankruptcy; afterward proceedings were commenced by *scire facias* against J to make him a party to the judgment; held that the agreement between the parties did not show a release to J, or an accord and satisfaction; that it was only an executory agreement.

A release is an executed contract and must be under seal.

An accord not executed is no bar to an action.

An accord and satisfaction, to constitute a legal bar to an action, must be full, perfect and complete.

In order to have a promise operate as a satisfaction, it must be that of a third person; something over and above the original promise or indebtedness.

### *Error to Dubuque District Court.*

*Opinion by* GREENE, J. Proceedings commenced by *scire facias* again John W. Markle, to make him a party to a judgment rendered against his former partner E. Mattox, on their joint note executed to the plaintiff.

It appears of record in the case, that in 1839, Mattox and Markle were partners as merchants, and being indebted to E. Frentess, they executed their joint note for the payment of one thousand dollars. Before the note became due, the partnership was dissolved, and it was stipulated that Mattox should take the goods and credits and pay the debts of the firm. A few months after this arrangement, the parties met, and the plaintiff approved the arrangement, and promised to return the partnership note and take in satisfaction thereof, the individual note of E. Mattox, and give Markle a receipt against the partnership note. But the old note was not given up, nor was a new note, nor a receipt given. Frentress sued Mattox & Markle in 1840 on the note, and obtained judgment against Mattox who alone was served with process. In 1843, Mattox was discharged from his debts under the general bankrupt law.

On the trial of this cause, the defendant pleaded the general issue, and on proving the foregoing facts, contended that he was discharged from all liability, and obtained judgment accordingly. One of the objections urged to the proceedings below is, that Mattox was admitted as a witness in Markle's behalf. It is contended, that Mattox was incompetent because he was a party to the note and to the record, and interested notwithstanding his discharge in bankruptcy. We cannot think that he was objectionable as being a party to the original suit upon the note. From that record, he had been completely discharged by his bankrupt certificate. But it is contended, that Mattox was interested in this suit, because Markle could have no claim on him until after judgment and a satisfaction of the debt, and that if Markle was required to pay the debt, he could then present his demand for contribution against Mattox. This position would be correct if the contingent demand of Markle against Mattox for contribution, had not been proveable under the general bankrupt law, passed by Congress in 1841. The fifth section of that act, allowed "sureties, indorsers, bail, or other persons having uncer-

tain and contingent demands," to prove their claims under a commission of bankruptcy. As every joint debtor has a contingent demand against his co-debtor, depending upon his being compelled to pay more than his share of the joint debt, it is clear that such a claim is proveable under the fifth section of the act. And according to the fourth section, all proveable claims are barred by the bankrupt's discharge and certificate. Consequently, any demand that Markle might have for contribution against Mattox, was barred by his certificate of bankruptcy. His interest then, could not in this particular, be affected by any judgment for or against Markle. He was therefore, a competent witness. *Dean* v. *Speakman*, 7 Blackf. 317.

The principal question involved in the trial below, remains to be considered. The court charged the jury in substance, that if they believed that Frentress agreed before the note fell due, to relinquish Markle and surrender the partnership note given by Mattox and Markle, for a new note against Mattox alone, and that Mattox and Markle settled their partnership business on the strength of such agreement, it is in law a discharge of the debt against Markle, and the failure of Frentress' to surrender the old note and take a new one, cannot be set up as a reason for enforcing the collection of the original note against Markle.

In the application of these instructions to the evidence, the court must have regarded the transaction either as a release or as an accord and satisfaction. But the instructions themselves show, that it was merely an executory agreement, which could have no binding force in either of those particulars. As a release, it is essentially deficient. It is not under seal, not even in writing and imports no consideration. In *Dillingham* v. *Estill*, 3 Dana 21, it was held that a release is an executed contract and must be under seal. This decision however goes too far, for the weight of authority shows, that a seal is not necessary to the validity of a release, unless it pertain to an interest in land, or to a debt due by an instrument under seal, which can only be released by a writing of equal

dignity. Co. Litt. 264; 8 Taunt 31, 596; 7 Blackf. 562. But when a release not under seal, is admissible, it must acknowledge a consideration. 4 Gilm. 545. Hence without a seal and without consideration, there can be no release. 13 John 87; 17 *ib.* 169; 1 Cowen 122.

As the agreement does not amount to a release in law, can it be considered an accord and satisfaction ? The agreement was to give up the company note and take the individual note of Mattox in satisfaction. But the agreement was never executed, the satisfaction was never given, and hence it can only be regarded as an executory accord without satisfaction.

It is clear, that an accord not executed, can be no bar to an action. *Coit* v. *Houston,* 3 Johns. C. 243; *Watkinson* v. *Inglesby,* 5 Johns. 386; *Latapeck* v. *Peckolier,* 2 Wash. C. C. 180; *Russell* v. *Lytle,* 6 Wend. 390; *Brooklyn Bk.* v. *De Granio,* 23 *ib.* 342; *Frost* v. *Johnson,* 8 Ohio 393. The accord or agreement to accept satisfaction must be fully executed to form a defense. 3 East. 252; 1 Ld. Ray. 122; Bac. Ab. tit. Accord A; *Woodruff* v. *Dobbins,* 7 Blackf. 582.

An accord and satisfaction, to constitute a legal bar to an action, must be full, perfect and complete. This principle is not questioned by any authority. Apply the doctrine of accord and satisfaction to the present case and upon the important point of satisfaction, it will be found entirely deficient. The accord was not only left without execution; it was also left without any consideration.— Frentress received nothing in payment, nor did he receive new or additional security. The fact that Mattox and Markle settled their partnership business with reference to this agreement, creates no valid consideration to Frentress. He was not a party to that settlement, and derived no benefit from it, nor was Markle injured thereby from his procurement. And although Markle left sufficient means with Mattox to pay half the note, it was far from being a satisfaction to Frentress, especially as the conditions upon which he promised to give up the company note had not been complied with.

But, if the agreement had been fully executed, the old note given up, and the note of Mattox accepted with the express understanding that Markle was to be discharged, it might well be questioned, whether even this would amount to a legal defense of the partnership indebtedness unless the Mattox note had actually been paid. Under the arrangement, the security would be decreased rather than increased. It would be substituting a less promise for a greater, one for two. And it is as obvious in reason as it is well settled in law, that to have a promise operate as a satisfaction, it must be that of some third person, or something over and above the original promise or indebtedness.

In *Cole* v. *C. & E. Sackett*, 1 Hill 516, C. & E. being partners, gave their note for a debt of the firm, under an agreement that it should be in full satisfaction; and after dissolving E agreed for a consideration received from C to assume and pay the debt for which the note was given, and accordingly took up the firm note and gave his own in lien, and it was held to be no bar to a recovery on the original consideration. The opinion in that case was delivered by Judge Cowen, and he deliberately declared the doctrine to be entirely settled, that the promissory note of a debtor given for a precedent demand, will not operate as payment, so as to preclude the creditor from suing on the original consideration, though given under an express agreement that it should be received in full satisfaction; but otherwise if the note be that of a third person. This doctrine was subsequently reconsidered and approved in *Waydell* v. *Luer*, 5 Hill 448. And in that case, it was held, that the giving of a promissory note by one several partners for a demand antecedently due from all, will not extinguish their liability, though the creditor expressly accept the individual note in satisfaction.

This doctrine is entirely established in New York and New Hampshire, and with slight exceptions in the other states of this union.

In England the doctrine that a mere accord, if it be

binding and afford a new remedy, was for a time considered a bar to an action. *Case* v. *Barber*, T. Ray. 450; *Milward* v. *Ingraham*, 1 Mod. 205; *Reed* v. *White*, 5 Esp. 122; *Evans* v. *Drummond*, 4 *ib.* 89. But before the discriminating mind of Lord Tenterdon, this doctrine was found to be deficient in legal principle and is now nearly obsolete if not entirely repudiated. *David* v. *Ellice*, 5 Barn. & Cress. 196; *Lodge* v. *Dicers*, 3 Barn. & Ald. 610; 5 East. 233; 11 Eng. Com. Law 201. And Gow. on Part. Am. Ed. 1825, p. 200, thus defines the rule; "when the two requisites of a joint interest and a joint credit concur, nothing but actual satisfaction or the extinguishment of the original consideration by the acceptance of a higher security can invalidate the claim which the creditor possesses against the firm." Apply this rule to the present case and it obviously follows that the original claim is not invalidated. There was no actual satisfaction, nor was any higher security substituted. In a word the case at bar does not come up to any of the authorities English or American, to which we have been referred by counsel for the defendant in error. It may well be considered a legal axiom that a promise to pay a subsisting debt is no consideration, is no satisfaction. How then can a mere agreement to have one joint debtor promise to pay a partnership debt be considered a satisfaction? But in the case at bar it is contended that Mattox and Markle settled their partnership business upon the strength of the agreement that Mattox should pay Frentress, and that it is now unjust to enforce payment of Markle. While we regret the consequences of this decision upon Markle we cannot disregard the principles of law by which we are governed. Nor can we forget the manifest propriety of the rule that partners are all principals, that each is bound for the debts of the firm *in solido;* that where they have had their creditor's money and eaten their bread at his expense, it is their duty severally and jointly not merely to promise by their note, and above all by the agreement to give the promissory note of one member of

their firm, but it justly and legally becomes their duty to repay the money loaned by the plaintiff, or pay the price of his property which was appropriated to their benefit.

We must therefore conclude that the charge to the jury in this case was erroneous.

Judgment reversed.

*P. Smith, T. S. Wilson* and *M. Y. Johnson,* for plaintiff in error.

*Hempstead* and *Burt,* for defendant.