MERCER *et al.*

SAME v. SAME.

1. **Conveyance:** GOOD CONSIDERATION. A conveyance executed upon the consideration of natural love and affection is good between the parties, and all others, except subsequent purchaser (without notice) and creditors.

2. —— EXECUTORY CONTRACT. While a voluntary executory contract to convey between parent and child will be enforced as against other children of the same parent, it will not be disturbed after it has become consummated by the execution of a conveyance, on the ground that there was no consideration therefor.

3. —— DELIVERY. Where the evidence in such case showed that the grantees were present when the conveyance were executed, and that immediately thereafter they passed into their hands, and that it was the intention of the grantor, when he executed them, that they should be thus delivered, it was held that there was a sufficient delivery.

4. —— STAMPS. It was further held that a voluntary conveyance of this character required no revenue stamps.

5. —— SUBSEQUENT STAMPING BY GRANTEE. But if a stamp were deemed necessary, it might be properly attached by the grantees, pursuant to the direction and authority of the grantor, though he died before this authority was executed.

*Appeal from Madison District Court.*

FRIDAY, OCTOBER 7.

PETITIONS in equity, by the same plaintiffs, against the defendant Clinton T. Mercer in one action, and against H. W. Mercer and Clinton T. Mercer in the other, both founded upon the same transaction, and seeking to set aside conveyances made severally to the defendants by Henry Mercer, Sr. Trial by the first method of equitable proceedings. Decree for plaintiffs, setting aside the conveyances and defendants appeal.

*John Leonard* for the appellant.

*M. L. McPherson* for the appellee.

MILLER, J.—As both of these cases grow out of one and the same transaction, and were tried in the court below and *de novo* in this court upon the same evidence, they are considered and disposed of in one opinion.

The plaintiffs ask to have these conveyances set aside on the grounds :

1. That the conveyanc·s were without any *valuable* consideration.

2. They were obtained by the defendants by fraud and undue influence.

3. The grantor was not of sufficiently sound mind at the time of making the conveyances.

4. Opium or some other drug was administered to him by the defendants, or one of them ; and while under its influence he was induced to make the conveyances, and they were not his voluntary acts and deeds.

5. That the deeds were never delivered.

That the deeds were not properly stamped as required by the revenue laws of the federal government.

I. From the evidence it is clearly shown that there was no valuable consideration passed from the grantees to the grantor. But it is shown that the grantor was the father of the grantees, and that although the deeds purport to be made upon valuable considerations, they were in fact for the consideration of natural love and affection.

1 CONVEYANCE: good consideration.

It is an elementary principle that the consideration of blood, or natural love and affection, is a good consideration, and that an executed contract or conveyance made upon such consideration is binding between the parties and all others, except subsequent purchasers without notice and creditors.    1 Parsons on Con. 5th ed. 431, 432 ; *Noble* v. *Smith*, 2 Johns. 32 ; *Grangiac* v. *Arden*, 10 id. 293 ; *Pitts* v. *Mungum*, 2 Bailey, 588 ; *Pearson* v. *Pearson*, 7 Johns. 26 ; *Carpenter* v. *Dodge*, 20 Vt. 595.

In *Moore* v. *Pierson*, 6 Iowa, 279, this court held, that, " as between the parties, the conveyance by a father to a child will be upheld, as being founded upon a meritorious consideration." See, also, *Holland* v. *Hensley*, 4 *id.* 222 ; *Frentress* v. *Markle*, 2 *Greene*, 553 ; *Norris* v. *Slaughter*, 3 id. 116.

This action is by the plaintiffs as heirs of the grantor of the defendants, who are also heirs. Where there is a 2. —— executory voluntary executory contract between parent contract. and child, a court of equity will not enforce it in a contest between one child and other children of the same ancestor, while it will enforce it against the party contracting ; but, where the contract is complete and executed, it will not disturb it for want of a valuable consideration. 4 Johns. ch. 498 ; *Holland* v. *Hensley*, *Supra.*

The deeds made by Henry Mercer, Sr., in his lifetime to the defendants, his sons, will not be held invalid on the ground that no pecuniary consideration passed from the grantees to the grantor. They are founded upon meritorious considerations, and are not assailable in this contest.

II. On a careful examination of the testimony, which is quite voluminous, no sufficient evidence of fraud, undue influence or want of capacity in the grantor, is found to support those allegations. There is some slight evidence that a short time before the execution of the deeds opium had been taken by the grantor, who was then in feeble health, but that, either at the time of the execution of the deeds or at any other time shortly before, he was perceptibly under its influence, there is no satisfactory proof. On the other hand, all the disinterested witnesses agree, that during the whole of the last illness of the grantor including the time of the making of the conveyance, he was, to all appearance, as sound of

mind and conversed as rationally as he had ever done before. And there is no evidence whatever that any undue influence were exercised by either of the defendants to induce their father .to make the conveyances. So far from this being the case it appears, that the father had long contemplated making this disposition of his property, that it had been neglected from time to time, and that at the time it was done he seemed more solicitous to complete it than did either of the defendants.

It is true that at the time of the execution of the deeds the grantor was in feeble health, but the evidence clearly shows that he was of sound mind and capable of knowing, and that he did know, what he was doing.

III. Were the deeds delivered by the grantor to the grantees? The evidence shows that all the parties to the conveyances were present at the time they were executed, and that immediately thereafter they passed into the hands of the grantees, and, so far as the evidence shows, have remained in their possession or under their control ever since. The evidence also shows, that, at the time he signed the deeds, it was the intention of the grantor that they should be delivered.

3. —— delivery.

IV. It is insisted on the part of the appellee's counsel that the conveyances are void, because proper revenue stamps were not affixed at the time of their execution.

4: —— Stamps.

It has already been seen that there was no valuable consideration for the making of these conveyances. They were made by a father to his two sons as gifts from him of their respective shares of his estate. By the act of congress of March 3, 1868, section 132—in force when these deeds were made — it is provided "that if any person shall, by deed of gift or assurance of title, made without *valuable and adequate consideration*, and purporting to vest the estate either immediately or in the

future, whether or not accompanied by the possession, convey any real estate to any person, such disposition shall be held and taken to confer upon the *grantee a succession* within the meaning of this act."

It will be seen, by reference to section 124, 125, 126, 127, 128, 129, 130, 131, and 133, of the same act, that grantees in such cases are chargeable with a " *succession* " tax on the value of the estate thus granted, which tax is much larger than the stamp tax.

It has therefore been held by the secretary of the treasury, that " a conveyance without consideration requires no stamp. Emerson's Int. Rev. Guide, 148, decision 16 ; Edwards on Stamp Act, 10, of Adds. and note 13 ; Schedule B., Stamp Act, title " Conveyance." That a deed of gift needs no stamp is also the view taken by Mr. Parsons. 3 Par. on Cont. 326, 5th ed. He says : " It is obvious, from the very clear language of the statute, that the *ad valorem* stamp duty upon conveyances applies only to estates that are *bought* and *sold ;* for the word ' sold ' expressly qualifies the nature of the transaction, and the terms ' purchaser and ' purchasers ' are used in their ordinary senses as designating the person effecting a bargain, and not in their technical legal sense, as indicating one who acquires land in any manner other than by descent or the mere act of law. See Act of July 1, 1862, sched. B. ; Act of March 3, 1853, s. 6.

The conveyances from Henry Mercer, Sr., to the defendants, then required no stamps; they are valid without them. While the grantees may be liable to pay a succession tax on the estate granted without valuable consideration, the conveyances are exempt from stamp duty. Again, the evidence shows, that, at the time of making the conveyances, the grantor directed and authorized the grantees to have the deeds properly stamped. They were stamped in pursuance of this

*subsequent stamping by grantees.*

authority. And the fact that the grantor died before this authority was carried out, by stamping the deeds, makes no difference, because the authority given the grantees to stamp the instruments was coupled with an interest and did not not case upon the death of the grantor. Some of the members of the court prefer to place the decision, as to this question of stamps, upon this latter ground. On either ground the deeds are valid. The decree of the district court is

Reversed.