## AMERICAN FOOD COMPANY *v.* HALSTEAD.

[No. 20,554.    Filed December 13, 1905.]

1. APPEAL AND ERROR.—*Supreme Court Rules.—Briefs.*—Where appellant fails in his brief to set out literally or substantially the pleadings questioned and also fails to set out any definite objections in his points, all questions on such pleadings are waived. p. 634.

2. SAME.—*Injury Must Be Shown.*—Appellant must, to obtain a reversal, affirmatively show that the alleged errors were injurious. p. 635.

3. CONTRACTS.—*Sealed.—Discharge.*—At the common law a contract under seal could be discharged or dissolved only by a writing under seal. p. 637.

4. SAME.—*Sealed.—Discharge in Equity.*—Where a sealed contract provided that defendant, a salesman, should pay plaintiff a certain price for goods, and that plaintiff would advance to defendant the excess over such price on sales orders and notes taken for sales, and by a subsequent oral contract plaintiff agreed to pay defendant such excess absolutely, and defendant turned over to plaintiff such orders and notes, the excess will be considered as an equitable discharge of amounts due under such sealed contract. p. 637.

5. PLEADING.—*Action at Law.—Equitable Defense.*—Under the Indiana code of procedure an equitable defense may be pleaded in answer to an action at law. p. 637.

165    633
168    460

165    633
170    584

165    633
171     17
171    488
f171   674

6. APPEAL AND ERROR.—*Weighing Evidence.*—The Supreme Court will not weigh the evidence in a case triable by jury.   p. 638.

7. SAME.—*Judgment against Appellant too Small.—Right to Complain.*—The appellant will not be heard to complain because the judgment of the trial court against him was too small. p. 638.

8. SAME.—*Rulings on Evidence.—New Trial.*—Appellant, in order to raise any question on the erroneous admission of evidence, must include such erroneous admission in his motion for a new trial.   p. 639.

From Newton Circuit Court; *Charles W. Hanley,* Judge.

Action by American Food Company against Everett Halstead. From a judgment for defendant, plaintiff appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.   *Affirmed.*

*Candlish, Fletcher & Hamblen, George K. Hollingsworth* and *J. E. Wilson,* for appellant.

*Foltz & Spitler,* for appellee.

GILLETT, C. J.—Appellant instituted this action against appellee.   The complaint was in two paragraphs.   The first was on a note, the second was on an account.   There were seven paragraphs of answer: a general denial, a plea of payment, three pleas of set-off and a plea of accord and satisfaction.   Appellant unsuccessfully demurred to the special pleas, other than that of payment.   Issues of fact were thereupon joined on said special paragraphs.   A trial by jury resulted in a verdict which consisted merely of a general finding in favor of appellee, and on this verdict judgment was rendered.

Appellant has assigned the rulings on demurrer as error. Its brief, however, contains no statement of the substance of the answers demurred to, further than this:

1.    That the fourth and sixth paragraphs are respectively based on claims of set-off for commissions on goods sold, that the fifth paragraph is a set-off for work and labor performed, and that the seventh paragraph is in the nature of an accord and satisfaction.   Appellant's points

in his brief contain no specific objection to any of said answers. It is merely stated therein that said paragraphs are insufficient. In the particulars mentioned said brief in nowise complies with rule twenty-two of this court. The brief is defective both in the omission to make a statement of the record sufficient to present the exceptions relied on, and also in the failure to point out any definitive objection to said answers. *M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489; *Buehner Chair Co.* v. *Feulner* (1905), 164 Ind. 368; *Penn Mut. Life Ins. Co.* v. *Norcross* (1904), 163 Ind. 379; *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435; *Chicago, etc., R. Co.* v. *Wysor Land Co.* (1904), 163 Ind. 288; *Chicago, etc., R. Co.* v. *Walton* (1905), *ante,* 253.

2. However, there does not seem to have been any evidence introduced in support of the plea of accord and satisfaction, and as to the pleas of set-off, which are part and parcel of the defense as asserted upon the trial, they appear clearly sufficient to us. We may therefore observe that no error which goes to the merits of the case seems to be involved in said rulings.

The questions which demand consideration at our hands arise on an assignment of error based on the overruling of appellant's motion for a new trial. Before taking up the specific questions arising thereunder it will be well to state in outline the nature of the evidence and the contentions of the parties. It appears from the evidence that in the years 1901 and 1902 appellant, a corporation, was engaged in manufacturing and putting upon the market a stock food. In November, 1901, appellee, by an accepted proposition in writing, was given the exclusive right to sell said food in Indiana, he to make payment, either in cash or approved notes, at certain specified rates, for food sold. February 17, 1902, the parties entered into a contract under seal, in the state of Illinois. The latter contract recited that appellee was in the employ of appellant in the sale of said food,

and that he had an opportunity of obtaining some large orders therefor. It was thereupon stated in said writing that it was agreed that when appellee's sales aggregated 125,000 pounds of said food, he should receive eleven shares of the capital stock of appellant, and be entitled to an option to purchase certain other of said shares at par. It was also provided in said contract that appellee should pay appellant for food sold by him at the rate of four cents per pound, and the latter agreed that on accepted orders, or on notes approved by it, it would advance to appellee the excess over their said contract price, less bank discounts. Appellant claims to have acted on this agreement, and that there accrued to it thereunder, between February 22, 1902, and May 31, 1902, a demand against appellee of $1,849.29, $1,485.69 of which was in an open account. The balance was represented by a ninety-day note. Appellee claimed upon the trial that subsequently to the execution of the contract under seal, in February or March of said year, an oral agreement was made between appellant and himself to the effect that upon the acceptance of each order sent in by him he was to be entitled to a commission equal to the difference between four cents per pound and the selling price, or, in other words, that appellant was to be responsible for any losses which might result in the collection of such orders. Appellee admitted that he had given some orders on his own account for which he was indebted, but he claimed that under said oral arrangement commissions had accrued to him in a sum largely in excess of the amount that he was owing appellant. The difference between the parties appears largely to lie in the fact that, whereas, appellant has charged appellee with the amount of all orders sent in by him, the latter, on the contrary, is claiming that the greater part of said orders should not be charged to him, but, instead, that he should be allowed a commission on sales in accordance with the oral agreement asserted by him.

The first contention of appellant under its motion for a new trial is that the court erred in admitting evidence of a subsequent oral contract modifying the terms of the contract of February 17, 1902, since said last-mentioned contract was under seal. It was a rule of the common law that an agreement by way of specialty could only be discharged or dissolved by matter of as high a nature as such contract. *Countess of Rutland's Case* (1604), 5 Coke *26; 9 Cyc. Law and Proc., 596, and cases cited. The existence of the rule was recognized by this court in its early history. *Griggs* v. *Vorhies* (1845), 7 Blackf. 561; *Dickerson* v. *Board, etc.* (1855), 6 Ind. 128, 63 Am. Dec. 373. While, in the absence of controlling legislation, the courts continue to treat as subsisting this ancient technicality, yet it is a doctrine which has been overlaid with distinctions in the effort of common-law judges to escape or mitigate the rigor of the rule in particular cases. It may perhaps admit of question whether §454 Burns 1901, §450 R. S. 1881, applies to cases where it is claimed that a specialty has been discharged by mere matter *in pais*. Without determining this, however, we hold that as appellee has, by virtue of performance of the subsequent agreement which he asserts, been placed in a position where the accounts for food sold can no longer be collected by him, the title thereto having been vested in appellant, the obligation under seal should be treated as equitably discharged. *McCreery* v. *Day* (1890), 119 N. Y. 1, 23 N. E. 198, 16 Am. St. 793, 6 L. R. A. 503; *Dickerson* v. *Board, etc., supra;* 8 Am. and Eng. Ency. Law (2d ed.), 166. And see *Rigsbee* v. *Bowler* (1861), 17 Ind. 167. Formerly, this would have been a ground for enjoining the prosecution of an action at law for the enforcement of the original contract; but in a jurisdiction like this, where law and equity are administered in the same forum, an equitable right of the nature indicated may be asserted as a direct defense.

*McCreery* v. *Day, supra.* It is our conclusion that the trial court did not err in permitting appellee to introduce evidence of a subsequent parol agreement which had been performed by him.

Appellant's counsel vigorously contend that it is unreasonable to suppose that the agreement asserted by appellee was entered into, and they point to certain circumstances which they claim tend to discredit the assertion that he was working on commission. This argument should have been addressed to the trial court in support of the motion for a new trial. In an action triable by jury the rule in this court is that it will not interfere on a question of evidence unless it is presented as one of law. *Heath* v. *Sheetz* (1905), 164 Ind. 665, and cases there cited. Here the testimony of appellee was direct upon the point, and he was not without corroboration. He has therefore brought himself far within the general rule, which he invokes, that in such cases this court will not attempt to weigh the evidence.

It is further contended upon appellant's behalf that under the evidence the jury should have either rendered a verdict for appellant, or should have affirmatively found for appellee on his set-off. For this reason it is argued that the verdict should not have been allowed to stand. The verdict of the jury responds to the whole issue, and we are of the opinion that it is not subject to attack on the ground stated. It has been held by this court that a defendant in a prosecution for murder can not successfully complain of a verdict of manslaughter, because, if guilty at all, he should have been convicted of the graver offense (*Hasenfuss* v. *State* [1901], 156 Ind. 246), and it appears to us that the case in hand is within the principle of said ruling. It ought not to lie in the mouth of appellant to impeach the result because it was not compelled to drink deeper of the dregs of defeat.

A number of minor rulings in the admission of evidence are complained of, but as they were not presented to the court below by a motion for a new trial, we are required to disregard them. There is no available error in the record, and therefore the judgment is affirmed.