No. 196.

## THE SALIMONIE MINING AND GAS COMPANY *v.* WAGNER.

TRESPASS.—*Plaintiff's Right of Possession.*—In an action for trespass to realty, where the plaintiff is in peaceable possession of real estate, his right thereto can not be brought in question by any one except the rightful owner.

SAME.—*Lease.—Title.*—A tenant from year to year, in possession under a lease from the remainder man, consented to by the owner of the life-estate, has sufficient title to maintain an action for trespass against one who purchased the land with actual knowledge of the tenancy and subject to the lease.

SAME.—*Growing Crops.—Pleading and Proof.*—An allegation in a complaint charging the defendant with the carrying away and destruction of one hundred and fifty bushels of potatoes belonging to the plaintiff is supported by proof that the defendant's servants dug up and carried away and destroyed about one hundred and fifty bushels of potatoes, which, though fully matured, were standing in the ground, and had not been harvested; as growing crops planted by a tenant constitute personal property for all practical purposes.

From the Allen Superior Court.

*R. C. Bell* and *S. L. Morris,* for appellant.

*C. H. Worden* and *J. Morris, Jr.,* for appellee.

CRUMPACKER, J.—This action was brought by John Wagner against the Salimonie Mining and Gas Company, a corporation, for trespass *quare clausum fregit.*

It is alleged in the complaint that Ann M. Thompson and Byron S. Thompson were the owners in fee of certain real estate, consisting of five acres in Allen county, Indiana, which is particularly described, and that they leased such real estate to the plaintiff, who was in possession thereof under such lease, and while so in possession, on the 20th day of July, 1889, the defendant, by its servants and agents, wrongfully and unlawfully entered upon said premises and carried away and destroyed one hundred and fifty bushels of potatoes, a lot of beehives, and certain farming implements and ma-

chinery thereon belonging to the plaintiff, and forcibly and wrongfully evicted plaintiff from said real estate ; and unlawfully withheld the possession thereof from him, to his damage in the sum of five hundred dollars.

A general denial was filed to the complaint, and the cause was tried by a jury, and resulted in a verdict and judgment for the plaintiff for one hundred and forty dollars.

The defendant moved for a new trial, which motion was denied, and exceptions were duly taken.

The only alleged error relied upon in this court for the reversal of the judgment is the overruling of the motion for a new trial, and the only grounds discussed by counsel for appellant arising upon this assignment are :  1.  The verdict is not sustained by sufficient evidence.  2.  The damages assessed by the jury are excessive.

It is argued on behalf of appellant that the evidence wholly failed to establish the right of the appellee to the possession of the premises in controversy.

Where one is in the peaceable possession of real estate, his *right* thereto can not be brought in question by any one except the rightful owner in this class of actions.

In the summer of 1889, and before the commission of the alleged trespass, the appellant purchased the premises of the owners for the purpose of locating thereon a gas pipe line and certain buildings and machinery in connection therewith, and it is insisted that such purchase placed the appellant in such a relation to the property as to enable it to challenge the appellee's right to possession.

It was proved upon the trial that Ann M. Thompson owned a life-estate in the premises, with the remainder in Byron S. Thompson, her son, from whom appellee rented the premises on the 1st day of March, 1886, and was in possession under such lease as tenant from year to year.  Said Ann M. Thompson knew of the appellee's tenancy and consented thereto, and the appellant at the time it purchased the property not only had notice of appellee's tenancy from

his possession, but also had actual notice thereof, and bought subject to the lease. Conceding, therefore, that the appellant was in an attitude to attack the appellee's right to the possession, the facts fully established such right, and the appellant is liable for the damages resulting from its wrongful entry.

The complaint charged the destruction of one hundred and fifty bushels of potatoes. In support of this allegation it was proved that the servants of the appellant dug up, carried away and destroyed about one hundred and fifty bushels of potatoes, which, though of an early variety and fully matured, were standing in the ground and had not been harvested. It is claimed that the evidence does not support the allegation in the complaint, and eliminating this item of damages from the case the award of the jury was excessive. The theory of counsel upon this question is that the complaint alleges a destruction of personal property, and the evidence shows the destruction of a crop. We are not impressed by the force of the logic in support of this theory.

Growing crops planted by a tenant constitute personal property for all practical purposes, to the same extent as the harvested product would be.

There was no material variance in the evidence upon this question, and it fairly supported the charge contained in the complaint.

The judgment is affirmed, with costs.

Filed June 13, 1891.