THE UNION LOAN AND TRUST COMPANY OF UNION CITY
ET AL. *v.* HOTTMIRE.

[No. 15,216. Filed October 14, 1936. Rehearing denied
June 16, 1937.]

*Chattin & Wise* and *John W. Macy,* for appellants.

*Nichols & Nichols,* for appellee.

WOOD, P. J.—The appellee recovered judgment against the appellants for damages alleged to have been sustained because of the sale of worthless securities to her by the Union Trust Company of Union City, Indiana, through its president, Purl I. Turner, and its assistant cashier, Amy L. Turner, previous to said company being placed in receivership.

Appellants have appealed, assigning eight separate errors for reversal. Because of the disposition which it is necessary for us to make of this case, we will not consider but one of the alleged errors, namely, that the trial court erred in overruling appellants' separate and several motions for a new trial, and the only alleged causes for a new trial which require our consideration are that the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

Appellee first insists that the bill of exceptions containing the evidence is not in the record. We do not commend the form adopted, but, on examination, think it is sufficient together with the certificate of the judge thereto, to show that it is the bill of exceptions containing the evidence, and that it is properly incorporated in and made a part of the record in this case.

Appellee also insists that the appellants have failed to comply with Rule 21 of this court in the preparation of their brief. While there is some merit to this contention, an examination of the brief convinces us that the appellants have made a good faith effort to comply with the rules of this court, and that this appeal should be considered on its merits.

This was an action sounding in tort. It was tried upon an amended complaint in two paragraphs, both of which were predicated upon the theory that the appellants, Purl I. Turner and Amy L. Turner, husband and wife, and president and assistant cashier respectively of the Union Trust Company, entered into a conspiracy to wrongfully and fraudulently sell worthless securities to the appellee, and that as a result of such conspiracy, said sale was consummated to appellee's damage. The allegations of both paragraphs of complaint are substantially the same, except that in the second paragraph the facts are alleged more in detail.

To this complaint the appellants filed an answer in

general denial, and a second paragraph of answer alleging affirmative matter. To this second paragraph of answer the appellee filed a reply in general denial.

As we view the facts in this case, it is not necessary for us to determine whether the husband and wife can form a conspiracy for the commission of a tortious act. Unless the act is consummated and damages are suffered there could be no cause of action. The authorities do not recognize such a proceeding as a civil action for conspiracy. There is an action for damages caused by acts pursuant to a formed conspiracy but none for conspiracy alone. Where the unlawful combination is the offense, then the principle invoked in criminal cases, to wit: the unity of husband and wife applies. In a civil action for damages, the gist of the wrong is the damages. *Jones* v. *Monson* (1909), 137 Wis. 478, 119 N. W. 179; 12 C. J. sec. 100 p. 581.

Here we have a judgment against both husband and wife for damages alleged to be the result of their joint tortious conduct, and unless the evidence is sufficient to sustain the verdict upon that theory, then the judgment based thereon cannot be permitted to stand.

At common law, " 'The husband is liable for the torts and frauds of the wife committed during coverture. If committed in his company or at his order, he alone is liable. If not, they are jointly liable, and the wife must be joined in the suit with the husband'." *Ball* v. *Bennett* (1863), 21 Ind. 427, 428; 2 Kent's Com., p. 144 (14th Ed.).

This leads us to inquire whether or not these common law rules have been changed by legislation in this state in such a manner as to restrict or enlarge the rights of husband and wife, and their liability to third persons for their joint or several torts. In 1881 our legislature passed an act concerning husband and wife, Acts 1881,

p. 527, Revised Statutes 1881, secs. 5115 to 5138. Sec. 5 of that act, being sec. 5120 Revised Statutes 1881, provided that "Married women, without reference to their ages, shall be liable for torts committed by them; and an action may be prosecuted against them for torts committed as if unmarried. Husbands shall not be liable for the contracts or torts of their wives." Sec. 6 of that act, being sec. 5121 Revised Statutes 1881, provides that, "Whenever a married woman commits a tort by the direction of the husband, or in his presence with his consent, then they shall be jointly liable therefor." In 1923, the legislature passed an act concerning husband and wife, which expressly repealed the act of 1881, but secs. 4 and 5 of the act of 1923, being secs. 38-105 and 38-106 Burns 1933, §§5647, 5648 Baldwin's 1934, re-enacted the provisions of secs. 5 and 6 of the act of 1881, in the same language.

The evidence shows that sometime during the year 1929, the appellee purchased a $500 coupon mortgage note from the appellant trust company, which note was one of a series of notes for the principal sum of $6,500, secured by a mortgage upon an eighty-acre farm located in Drake County, Ohio, which mortgage was foreclosed and the property sold in 1932 for $2,668, out of which amount the appellee was paid the sum of $182.61, leaving the sum of $369.89 still due and unpaid to her from the makers of the note.

It is the contention of the appellee that she was persuaded to purchase the note as the result of a conspiracy entered into by the appellants, Purl I. Turner and Amy L. Turner, to purposely, fraudulently, and unlawfully misrepresent the nature of said note, its value, and the value of the land on which the mortgage was given securing its payment. We have examined the record in vain for evidence to sustain this contention. All of the evidence on this phase of the case is uncontradicted and

is to the effect that all conversations, and negotiations had concerning the sale and purchase of the note were had with the appellant, Amy L. Turner. There is no evidence in the record that the appellant Purl I. Turner was ever present at any of these conversations or had any knowledge of their character. There is no evidence in the record from which the jury could find or reasonably infer that the sale of the note was made to the appellee by the appellant, Amy L. Turner, by fraudulent and unlawful means, upon the direction of her husband Purl I. Turner or in his presence with his consent. He therefore would not be liable for any tortious acts committed by his wife, Amy L. Turner, if any such acts were committed. *Beem* v. *Beem* (1923), 193 Ind. 481, 141 N. E. 81; *Bell* v. *Bell* (1931), 92 Ind. App. 390, 175 N. E. 685.

It follows therefore that the verdict of the jury was not sustained by sufficient evidence, and that it was contrary to law.

Other questions are presented, but inasmuch as they will probably not again occur upon a retrial of this cause, we will not extend this opinion for the purpose of considering them.

Judgment reversed, with instructions to the trial court to sustain appellant's motion for a new trial.