(No. 24461.

GRACE HENRIETTA LOVE, Appellee, *vs.* MILDRED S. ENGELKE *et al.* Appellants.

*Opinion filed February 17, 1938—Rehearing denied April 20, 1938.*

RING, UHLIR & CUCHNA, POPE & BALLARD, RUPERT BARRY, and WALTER F. BOYE, (BEVERLY B. VEDDER, of counsel,) for appellants.

VERNON R. LOUCKS, and A. J. HENNINGS, (CHARLES O. LOUCKS, and GEORGE GLEASON BOGERT, of counsel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Henrietta Snell died testate February 24, 1900. Her personal estate, which she bequeathed to her two children and the children of a deceased child, was exhausted in the payment of debts. She left a large amount of both improved and unimproved real property. By the fourth clause of her will she devised all of her real estate to three trustees to be held, managed and controlled by them during the lives of her children, Albert Jerome Snell and Grace Henrietta Coffin, and of Willey McCrea, the husband of her deceased daughter, Alice. The trustees were to hold said real estate, in trust, and were to have sole and exclusive charge, management and control of it until the death of all three of the persons above named. The trustees were to endeavor to keep the real estate rented and they were authorized to collect and receive all of the rents, income, issues and profits therefrom and to pay all the expenses of collections, and all repairs, taxes, assessments and all other charges and expenses of the estate, including reasonable compensation for their services as trustees. The trustees were to pay each and every year, one-third of the net income from the real estate to testatrix's son, Albert Jerome Snell, during the term of his natural life, but were given the option whenever they might deem fit and proper to use all or any portion of Albert's share of the income for the support and maintenance of his family and the education of his children instead of paying it to him; one-third of the net income to her daughter, Grace Henrietta Coffin,

during the term of her natural life, with the option whenever they might deem fit and proper, to use all or any portion of Grace's share of the income for the education, support and maintenance of her children, Mildred and Chester Coffin. The remaining one-third of the net income was to be managed and controlled by the trustees and used by them for the education, support and maintenance of testatrix's grandchildren, Snell McCrea and Henrietta Alice McCrea, children of her daughter, Alice, until both became of lawful age, and thereafter the trustees were to pay said one-third of the net income to them, share and share alike, during the continuance of the trust.

One-third of the remainder was devised to the children of Albert Jerome Snell, one-third to the children of Grace Henrietta Coffin, and the remaining one-third to Snell McCrea and Henrietta Alice McCrea. Clause 9 of the will is in part as follows:

"*Ninth.* I hereby authorize and direct my trustees, in their judgment and discretion to sell and convey any or all of my vacant real estate. I prefer that the tract of land known as 'The Pasture' and containing about one hundred and fifty-four (154) acres, be sold last. And I hereby authorize and empower my trustees and their successors in trust, at any times, in their judgment and discretion to bargain and sell my vacant real estate, in such parcels, and to such persons and at such prices, and upon such terms, as my trustees may deem fit and proper. And I also authorize and empower my trustees to make, execute and deliver good and sufficient deeds to purchasers, and to do any and everything and act which may be necessary, or required to consummate sales of lands; and all purchasers are hereby relieved and exonerated from looking to the application of the purchase monies. I direct that my trustees shall receive the proceeds of all sales of real estate made hereafter and shall use said proceeds for the best interests of my estate. If in the judgment of my trustees

it is fit and proper, my trustees may use all of or any part of the proceeds of sales for the proper support and maintenance of the families of Albert Jerome Snell and Grace Henrietta Coffin; or the proceeds may be invested, changed and reinvested, and the income therefrom distributed, as hereinbefore provided for the distribution of said net income, until the termination of the trust herein created, and then upon the death of Grace Henrietta Coffin, Albert Jerome Snell and Willey McCrea, the principal, if any, in the hands of my trustees, from the sales of real estate shall be distributed as follows: one-third thereof to the legal children of Albert Jerome Snell; one-third thereof to the legal children of Grace Henrietta Coffin, and the remaining one-third thereof to Henrietta Alice McCrea and Snell McCrea," etc.

Clause 10 is a spendthrift provision applicable to her two children. Clause 11 provides that the decisions of the trustees upon all matters pertaining to the trust shall be final and binding.

From 1900 to 1922 the trustees sold vacant and unproductive real estate to the amount of $91,801.10. From 1922 to December 31, 1936, they sold other vacant property to the amount of $608,844.43. The proceeds of these sales were many times greater than the value of the property at the time of testatrix's death. The cost and carrying charges of this vacant and unproductive real estate have always been paid out of the gross income of the estate.

Grace Henrietta Love (referred to in the will as Grace Henrietta Coffin) filed a bill in the superior court of Cook county praying that part of the proceeds of the sales of vacant and unproductive land be decreed to her as income, that an adjustment of the carrying charges of the vacant land which had been paid out of income be made, and that the trustees be compelled to sell the remainder of the vacant and unproductive real estate. The trial court ordered that an apportionment be made, as follows: The trustees were

directed to determine what sum, if invested one year after the death of Henrietta Snell, deceased, at the rate of 4.01 per cent per annum, simple interest, (the average rate of return on securities bought with the proceeds of real estate,) would at the date of sale have amounted to the net receipts (adjusted in accordance with the decree.) They were then to subtract this sum from such adjusted net sale proceeds and treat the balance determined as trust income, and to turn over and deliver such trust income to the life tenants, subject to the discretionary powers of the trustees as to payment of income or distribution of proceeds of the sale of real estate to the children of the life tenants as provided in testatrix's will. The sum subtracted was to be treated as principal and retained and handled by the trustees as principal trust funds of the estate. The trustees were ordered to sell the remaining vacant and unproductive real estate within one year, the court reserving jurisdiction to extend the time upon the application of any interested party. The cause is here on direct appeal.

In arguing that an apportionment should be made, appellee relies on *Edwards* v. *Edwards*, 183 Mass. 581; *Lawrence* v. *Littlefield*, 215 N. Y. 561; *Furniss* v. *Cruikshank*, 230 id. 495, and on other cases. She quotes portions of the opinions in those cases to the effect that the testator did not intend that all the burden of carrying charges caused by the delay in making the sale should be borne by the life tenants or that the remaindermen should receive the entire benefit of the delay, but intended that when the sale was made the life tenants should be equitably recompensed for the period of abstinence. However, an examination of those cases reveals that the trustees were under an imperative duty to make the sale and that from this duty the court found the intent that the life tenant should share in the benefit resulting from the delay. Counsel for appellee have cited no case, and we have been able to find none, in which the rule of apportionment has been applied where

the trustees have a power to sell but no duty to sell. The rule is applied only when there is an imperative duty to sell. (Bogert on Trusts, secs. 823, 825, 826 and 827; Restatement of Law of Trusts, sec. 241; Loring, Trustees' Handbook, pp. 155, 156; *Yates* v. *Yates,* 28 Beavan 637; *Furniss* v. *Cruikshank, supra.*) It is obvious that the testatrix does not intend that the proceeds be apportioned if she merely gives the trustees the power to sell, but imposes no duty on them to exercise it at all.

We must, therefore, determine whether this power is discretionary or mandatory. In determining this, the intention of the testatrix, as gathered from the whole will and the surrounding circumstances, is controlling. (*Brumsey* v. *Brumsey,* 351 Ill. 414; *Heitzig* v. *Goetten,* 347 id. 619.) Counsel for both sides have cited numerous cases, decided in this and other jurisdictions, which have construed more or less similar language. However, we deem it not necessary to discuss these cases. In none of them was the language or the facts identical with those in the present case. None of these cases attempts to lay down a general rule, but each merely finds the intent of the particular testator or testatrix from the whole will and all the surrounding circumstances, including the situation of the testator's property at the time of his death and the condition of the beneficiaries. It is generally recognized that by reason of the variety in language used in wills, decisions construing them, while frequently helpful, are not controlling and are less helpful as guides than are the cases upon other subjects. (*Rock Island Bank and Trust Co.* v. *Rhoads,* 353 Ill. 131; *Boyle* v. *Moore,* 299 id. 571; *Ward* v. *Caverly,* 276 id. 416; *Black* v. *Jones,* 264 id. 548.) The language of this will is "I hereby authorize and direct my trustees, in their judgment and discretion, to sell and convey any or all of my vacant real estate. I prefer that the tract of land known as 'The Pasture' * * * be sold last." She then provides that the proceeds of such sales shall be

used for the best interest of the estate. They may be used for the support and maintenance of the families of Albert Jerome Snell and Grace Henrietta Coffin, or they may be invested, changed or reinvested and *the income from such investments* paid "as hereinbefore provided for the distribution of said net income." A careful study of this and other provisions of the will convinces us that testatrix intended to give the trustees the power of sale, but not to impose a duty upon them to exercise it. They were authorized and directed to sell "any or all" of the property, but only when and if their judgment and discretion told them that they should. They were authorized to sell "at any time." Provision is made for distribution of the proceeds of the sale without providing any portion of it for the life tenants. The proceeds are to be used for the best interests of the estate; all or any part thereof may be used for the support and maintenance of the families of testatrix's two children or the proceeds may be invested and reinvested and *the income therefrom* distributed. Clearly, from this language, the life tenants were entitled to none of the proceeds, at least unless the trustees thought that it would be for the best interest of the estate. Otherwise they are limited to the income from such proceeds.

Appellee contends that the will should be construed so as to give the life tenants a share of the proceeds for the reason that a testatrix ordinarily has greater solicitude for her children, the life tenants, than for the remaindermen, who are more distantly related to her, and that the testatrix did not intend to deprive the life tenants of income from this property in order to build up a large estate for the remaindermen. There is nothing in this will which would warrant us in finding that testatrix intended the life tenants to have any part of the proceeds of such sales. Clause 9 clearly shows a contrary intention. Clause 4 provides that the trustees may pay all or any portion of plaintiff's share

of the income to plaintiff's children instead of to her. This indicates that her solicitude for the remaindermen may have been as great or greater than that for her children. The spendthrift provision indicates that testatrix did not have much faith in her children's ability to save and to handle money. Other circumstances bearing on testatrix's intention are that she inherited practically all of her property from her husband and had kept it virtually intact; that plaintiff and her other children had also inherited from their father, who died intestate, property worth several hundred thousand dollars; that this property was located in the rapidly expanding northwest side of Chicago and that testatrix may well have desired that the vacant property remain unsold indefinitely. From the entire context of the will and the surrounding circumstances, we come to the conclusion that the trustees were under no imperative duty to sell the vacant real estate.

It follows that that portion of the decree which orders the trustees to sell the rest of the vacant and unproductive real estate is also erroneous. Even if the trustees were under a duty to sell at some time, there is no showing of an abuse of their discretion as to the proper time for making the sales.

Appellee is not entitled to have the costs and carrying charges on the vacant real estate paid out of the proceeds. The trustees were directed to pay all expenses and charges of the estate, and to pay only the net income to the life tenants.

The decree of the superior court of Cook county is reversed and the cause is remanded, with directions to dismiss the complaint for want of equity.

*Reversed and remanded, with directions.*