AX ET AL. *v.* SCHLOOT ET AL.

[No. 17,416.   Filed January 25, 1946.]

[For opinion suspending appeal until entry of final judgment, see ante, p. 303.]

*John R. Ax*, of Huntingburg, and *Paul Haywood*, of Bloomfield, for appellants.

*Edwin B. Long*, and *Beasley & Beasley*, all of Linton, and *Allen G. Pate*, of Bloomfield, for appellees.

CRUMPACKER, J.—The appellants claim to have been the owners, in the late summer and fall of 1943, of an undivided one-half of certain corn and soybean crops then growing on a farm in Greene County, Indiana, which crops, they assert, were wrongfully seized, harvested and sold by the appellees and the proceeds thereof appropriated to their own use. The action is in conversion. It was tried to a jury and at the close of the appellants' case the court directed the return of a verdict for the appellees. This, the appellants contend, was error.

In considering the question of alleged error in sustaining a motion for a directed verdict this court is

bound to accept as true all facts unfavorable to the party so moving which the evidence tends to prove and all inferences reasonably deducible therefrom. *Hall* v. *Terre Haute Electric Co.* (1906), 38 Ind. App. 43, 76 N. E. 334; *Roberts* v. *Terre Haute Electric Co.* (1906), 37 Ind. App. 664, 76 N. E. 323, 76 N. E. 895; *Curryer* v. *Oliver* (1901), 27 Ind. App. 424, 60 N. E. 364, 61 N. E. 593. In this connection the appellees urge that error, if any, lies in instructing the jury to return a specified verdict and not in sustaining a motion therefor. As the appellants predicate error on the court's action in sustaining the motion for a directed verdict the appellees contend that no question in that respect is presented for our consideration. A holding to that effect was announced by the Supreme Court as late as November 2, 1943, in the case of *Kubisz* v. *Pomorski* (1943), 221 Ind. 655, 51 N. E. (2d) 82. That case was tried and appealed, however, under the 1940 Revision of the Rules. The case at bar was tried and appealed under the 1943 Revision which provides: "The court's action in directing or refusing to direct a verdict shall be shown by orderbook entry. Error may be predicated upon such ruling or upon the giving or refusing to give a written instruction directing the verdict." Rule 1-7, 1943 Revision.

The evidence most favorable to the appellants' case tends to prove that prior to August 23, 1943, the appellee Jasper B. Schloot was the owner of 200 acres of land in Greene County upon which there were growing crops of corn and soybeans, an undivided one-half of which belonged to the tenant who farmed the land. The appellee Schloot placed the sale of the farm in the hands of the appellants and orally agreed to pay them three percent of the purchase price and to give them title

to his share of said growing crops in the event they found a buyer. The appellants interested the appellee Powers in the purchase of the farm and informed him that if he bought it he would take title without the crops as they were to be reserved by the owner. On or about August 23, 1943, the appellee Powers bought the farm for $30,000.00 and accepted title without any reservation as to growing crops although he knew that the appellants were claiming to be the owners of an undivided one-half thereof. Upon consumation of the deal the appellee Schloot paid the appellants $900.00, representing three percent of the sale price, and said he would inform his tenant that he had sold the farm without the growing crops, and that such crops belonged to appellants as part of their compensation for finding the purchaser. The appellee Powers went into immediate possession of the land and later, when the crops matured, harvested and sold them for cash in the net sum of $5,991.58. Half of said money was paid to the tenant and the other half went to the appellee Powers who retained the same for his own use and benefit.

It is apparent that the contract between the appellants and the appellee Schloot is void and unenforcible, not being in writing as required by § 33-104, Burns' 1933, concerning frauds and perjuries. We think that fact is of little consequence however because this is not an action to enforce a void contract but on the contrary is predicated upon the proposition that such contract, although void, was recognized by all parties thereto and fully performed by them.

In an action for conversion it is encumbent upon the plaintiff to prove that, before and at the time of the conversion, he had complete title, either general or special, to the property in controversy, coupled with the right of immediate possession, and that

the property has been wrongfully converted by the defendant to his own use. *Picquet* v. *M'Kay* (1831), 2 Blackf. 464; *Swope* v. *Paul* (1892), 4 Ind. App. 463, 31 N. E. 42; *Hunter* v. *Cronkhite* (1894), 9 Ind. App. 470, 36 N. E. 924; *Baker* v. *Born* (1897), 17 Ind. App. 422, 46 N. E. 930; *Fagan* v. *Babacz* (1936), 102 Ind. App. 558, 1 N. E. (2d) 299. Such being the law it is obvious that proof of the transfer of title to the growing crops in controversy from the appellee Schloot to the appellants in payment of their commission is necessary to the appellants' case and a failure of evidence tending to prove any element essential to such transfer of title is fatal.

Growing crops raised annually by labor are subject to a transfer of ownership as personal property, even before maturity, and such transfer does not necessarily involve an interest in realty requiring a written instrument to effectuate the purpose. *Bricker* v. *Hughes* (1853), 4 Ind. 146; *Kluse* v. *Sparks* (1894), 10 Ind. App. 444, 36 N. E. 914, 37 N. E. 1047; *Salimonie Mining and Gas Company* v. *Wagner* (1891), 2 Ind. App. 81, 28 N. E. 158. From this we conclude the title to growing crops is transferred from one owner to another in much the same manner as is the title to chattels generally. In determining what constitutes a change of possession or delivery of personal property, due regard must be had to the character of the property, the nature of the transaction, the position and relations of the parties thereto and the intended use of the property involved. *Avery Mfg. Co.* v. *Emsweller* (1903), 31 Ind. App. 291, 67 N. E. 946, and cases cited.

In a case involving the sale of a crop yet to be grown this court held that "no title passes until the crop is

grown and notice given the vendee, or some act done by the vendor designating it as the article sold, either by setting apart, marking it, or some other similar act." *Farmers Nat. Bank* v. *Coyner* (1909); 44 Ind. App. 335, 88 N. E. 856. We see no logical reason why this rule should not apply to the transfer of title to crops already planted or sowed but still growing and immature.

The general principles of law above stated yield, however, to the intention of the parties as to when title shall pass. We again quote from *Farmers Nat. Bank* v. *Coyner, supra,* as follows: "If there are attendant circumstances from which the intention may be inferred that the property shall pass at another or different time, or under other and different circumstances, that intention will be effectuated. *Clarkson* v. *Stevens* (1882), 106 U. S. 505, 1 Sup. Ct. 200, 27 L. Ed. 139; *Fordice* v. *Givson, supra.* The parties to the contract may agree when and under what conditions the property in question shall pass to the prospective owner. *Andrews* v. *Durant* (1854), 11 N. Y. 35. Their intention must be the governing consideration in every case. *Turley* v. *Bates* (1863), 2 H. & C. 200. This intention, as well as whether the contract has been executed, is a question of fact to be determined from the terms and stipulations of the agreement and actions of the parties. *Branigan* v. *Hendrickson* (1897), 17 Ind. App. 198; *Lester* v. *East* (1875), 49 Ind. 588, 594."

We think the record before us discloses evidence from which the jury might reasonably have inferred that it was the intention of the appellee Schloot and the appellants that title to the growing crops should pass to the latter when they found and presented to said appellee a buyer who was ready, willing and

able to purchase the farm upon the required terms. Under such circumstances the question of whether the appellants owned the crops at the time they were sold by the appellee Powers was for the jury to determine.

As to the appellee Schloot there is no evidence that he took any part in the sale of the crops involved by Powers or received any part of the proceeds thereof. There is evidence that the appellee Powers applied the share of the crop money he claimed as his own to the unpaid balance due Schloot for the purchase of the farm and Schloot received and accepted it as Powers' money and not as his, Schloot's, share of said crops. There is no evidence that he knew the source of such money or that he ever asserted any interest in the crops after he sold the farm. Therefore, any act of conversion on his part must have occurred, if at all, at the time he sold the farm to the appellee Powers. If he was then the owner of the crops involved they went with the land as there is evidence that they were not specifically reserved. On the other hand, if title to such crops had already passed to the appellants his act in selling the crops with the land and putting the appellee Powers in possession thereof would constitute conversion. So it seems clear that the appellants whole case turns on the question as to who had title to said crops when the land was sold to the appellee Powers. As we have heretofore stated we think there is evidence in the record from which the jury might have reasonably inferred that at that time title had already passed to the appellants. That being true the question was for the jury to determine.

In support of the trial court's action in directing a verdict herein the appellees assert a final proposition

that requires consideration. They contend that this case falls squarely within the rule that where something is to·be done by the seller to ascertain the identity, quality or quantity of the thing sold, or to put it in the condition which the terms of the contract require, title does not pass. *Bertelson* v. *Bower* (1882), 81 Ind. 512; *Morgan* v. *East* (1890), 126 Ind. 42, 25 N. E. 867, 9 L. R. A. 558. We recognize the rule but cannot agree that it is applicable to the present facts. The evidence discloses that there was an 80-acre field of growing corn and a 50-acre field of growing soybeans on the Schloot farm at the time he made his contract with the appellants for its sale. He owned an undivided one-half of such crops and there were no other fields of corn or soybeans on the place. The identity of the crops cannot be mistaken and the owner's title to an undivided one-half thereof was capable of and subject to transfer. There remained nothing further for the owner to do to meet the terms of his agreement. The appellants were to take title to such crops as they then were and subject to the risks of a crop failure. They were to acquire all the owner's interest in a certain and clearly identified thing, as such interest then existed, and designation of the quality or quantity of the corn and soybeans when harvested was wholly nonessential to pass title.

We are of the opinion that the court erred in directing a verdict for the appellees and judgment is therefore reversed with instructions to sustain the appellants' motion for a new trial.

NOTE.—Reported in 64 N. E. (2d) 668.