ELIZABETH L. DOLAN vs. CAMBRIDGEPORT SAVINGS BANK.

Suffolk.   October 7, 1946. — November 2, 1946.

Present: FIELD, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Landlord and Tenant,* Landlord's liability to tenant or his family or his invitee.

An action against a landlord for personal injuries sustained when the plaintiff, a tenant of one of two adjoining apartment buildings owned by the defendant, fell on ice on a terrace common to both buildings and in the control of the defendant, could not be maintained on evidence that the water causing the ice came from one or two broken conductors on the exterior of the buildings where it did not appear that the condition of either conductor was different at the time of the accident from what it had been when the plaintiff became a tenant of the defendant.

TORT. Writ in the Superior Court dated July 1, 1943.

The case was tried before *Collins,* J.

*H. A. Carney,* for the plaintiff.

*R. N. Daley,* for the defendant.

SPALDING, J. This is an action of tort to recover for personal injuries sustained by the plaintiff by reason of the alleged negligence of the defendant. At the close of the plaintiff's evidence the judge directed a verdict for the defendant subject to the plaintiff's exception, which presents the only question in the case.

These facts could have been found: On December 19, 1933, the defendant became the owner of two apartment houses with entrances at 242 and 244 Warren Street, Roxbury. Thereafter, on June 15, 1934, the defendant conveyed them to one Elizabeth Reardon for $296,000 and at the same time took back from her a mortgage of the properties to secure payment of her note to the defendant for a like amount. On October 30, 1942, the defendant made entry to foreclose the mortgage and notified the plaintiff that it had done so.

In front of the apartment houses is a common terrace

which, the defendant concedes, was in its control during the period from October 30, 1942, to February 2, 1943, inclusive. The plaintiff had been a tenant of the apartment house at number 244 Warren Street from some time in 1936 to and including February 2, 1943. To the left of the entrance to number 242 was a conductor pipe which had been broken off at the first floor level so that water did not flow into the drain pipe. On the afternoon of February 1, 1943, the plaintiff had observed that the wind blew water from this pipe across to the steps at number 244. This had happened on several occasions. The conductor pipe, which had been broken off for about a year prior to the accident, had "all rotted away." To the right of the entrance at 244 Warren Street was a conductor which was broken off down at the end so that water "poured out" from it. On February 1, 1943, water was seen coming from this pipe. On the morning of February 2, 1943, the plaintiff slipped and fell on "lumpy ice with little junks in it" which had formed on the terrace near the steps leading to the right of the entrance to 244 Warren Street. [1]

To recover the plaintiff had the burden of showing that her injuries were caused by a failure of the defendant to use reasonable care to keep its premises in as good a condition as that in which they were or appeared to be at the time when the relation of landlord and tenant between her and the defendant first commenced. *Sneckner* v. *Feingold,* 314 Mass. 613, 614, and cases cited.

If liability rests on the condition of the broken conductor near the entrance to 242 Warren Street, it is to be noted that this condition had existed for about a year prior to the date of the accident, which would be about nine months prior to October 30, 1942, the date when the relationship of landlord and tenant between the defendant and the plaintiff commenced. (There is no evidence to support the contention of the plaintiff that this relationship commenced at an earlier date.) In these circumstances the defendant is not liable. *Hannaford* v. *Kinne,* 199 Mass.

---

[1] It is conceded that due and sufficient notice under the statute of the time, place and cause of the accident was given to the defendant.

*63. Webber* v. *Sherman*, 254 Mass. 402. If the conductor near the entrance to 244 Warren Street was the cause of the accident, there is no evidence that the condition complained of was different at the time of the letting from that which obtained on the date of the accident.

We have not overlooked the plaintiff's contention that the defendant's liability with respect to the conductor at the entrance to number 242 might stand on a different footing on the matter of liability from the conductor at the entrance to number 244, but it is without merit.

*Exceptions overruled.*