## HUTTINGER v. G. C. MURPHY COMPANY

[No. 19,302. Filed January 26, 1961. Rehearing denied March 7, 1961. Transfer denied May 9, 1961.]

*Louis H. Dunten* and *James P. Murphy,* both of Ft. Wayne, for appellant.

*Leigh L. Hunt, Hunt & Suedhoff,* of Ft. Wayne and *Winslow VanHorne,* of Auburn, for appellee.

KELLEY, J.—At the conclusion of appellant's evidence, the court, upon motion of appellee, directed the jury to return a verdict for the latter. The propriety of such action by the court is the material question presented by the record herein.

Appellee operates a retail store in Fort Wayne, Indiana. On March 1, 1947 said store was open for the transaction of business and for entry by prospective customers. On said day it snowed most of the day. At about 1:30 o'clock P. M. of said day, appellant entered appellee's said store for the purpose of making a purchase of merchandise. Other customers had entered the store throughout the forenoon and up to the time of appellant's entrance whereby the floor of appellee's store, consisting of hard maple boards about three to three and one-half inches wide, had become wet and dark with water, snow and slush. Said flooring was treated about every two weeks, usually on Saturday night or Sunday, with a liquid microsheen which was applied with "yarn mops about three feet wide" and with a wide broom, and worked into the floor. Also,

the mops which were used to clean up at night during the week were frequently treated with the same liquid microsheen. Appellee maintained maintenance personnel who worked on the floor and on bad days the "stock men" were called down whose duty it was to "keep everything in good order for customers" coming into the store. The floor was not level from Calhoun Street to the back of the store, a distance of about 60 feet.

Appellee's store was located at the northeast corner of Calhoun and Wayne Streets in Fort Wayne and there was an entrance thereto from said Calhoun Street. Just inside the entrance was a vestibule with inner doors that opened into the store proper. About ten feet east of this entrance and "a little" to the north thereof a six-foot aisle ran along between the three-foot-high bannisters of a stairway and a sales counter. On the day aforesaid there were no mats of any kind at the doors or on the floor.

Appellant entered appellee's store by way of the Calhoun Street entrance. As she proceeded along the said aisle and at a point near said sales counter, she slipped and fell to the floor whereby she sustained the personal injuries giving rise to this action for damages therefor. Appellee accepts appellant's "Narration of Evidence," with slight additions thereto, and we, therefore, summarize material and pertinent portions thereof:

> "The floor was dark with water, snow and slush on it and quite a few people coming and going. . . . I slipped and fell about 3 feet from the bannister and could not get up. . . . My grey gloves had grease or oil on them, also my skirt and petticoat. . . . I saw a skid mark about 12 inches long about 3 feet back from the end of the bannister and in the middle of the aisle that was lighter in color than the rest of the floor and looked like it had oil or grease around it. Scraped clean in the center.

I saw it when I was lying on the floor and when sitting on the chair. There was an oily substance on my clothing that had to be dry cleaned. . . . Before I fell I saw there was water and snow on the floor. I had not been in there before and do not know the condition of the floor previously, only when I was there."

Appellant's complaint, with reference to the alleged negligence of appellee, charged as follows:

"that defendant was negligent, careless and reckless in the conduct and maintenance of its said premises and the floors thereof in this: in permitting the floors of its said premises to be and remain in a wet, slippery and dangerous condition; in permitting water and snow to be and remain upon an oiled floor; in permitting the accumulation of water or snow to remain on its said oiled floors; in failing to mop, remove, or take means or measures of clearing said snow and water from said oiled floor all of which could and in the exercise of reasonable care should have been done; in failing to supply and have a mat or other article at the inside entrance door of its premises so that customers entering into said store could wipe or clean the water or snow from their shoes; in failing to take any means or action to prevent injury to its patrons while in its said premises from slipping on said wet and dangerous floor, knowing of the condition of the weather out of doors."

In determining when a court may properly grant and give a peremptory instruction to find for defendant, cognizance of the "compelling laws," as set out in *Whitaker, Administrator, etc.* v. *Borntrager* (1954), 233 Ind. 678, 680, 681, 122 N. E. 2d 734, must be taken. These are:

"When there is a total absence of evidence or legitimate inference in favor of the plaintiff upon an essential issue; or where the evidence is without conflict and is susceptible of but one inference and that inference is in favor

of the defendant. *Jackson Hill Coal & Coke Co.* v. *Bales et al.* (1915), 183 Ind. 276, 279, 108 N. E. 962. *Slinkard* v. *Babb* (1953), 125 Ind. App. 76 and cases there cited, 112 N. E. 2d 876, 878; *Gregory* v. *The C. C. C. & I. R. R. Co.*, 112 Ind. 385, 388, 14 N. E. 2d 228.

". . . The court will not weigh the conflicting evidence or inferences but will consider only the evidence and inferences that are most favorable to the party against whom the motion for a peremptory verdict is directed. *Jackson Hill Coal & Coke Co.* v. *Bales et al.* (1915), 183 Ind. 276, 280, *supra; American Food Co.* v. *Halstead* (1905), 165 Ind. 633, 638, 76 N. E. 251. See also *Heath* v. *Sheetz* (1905), 164 Ind. 665, 667, 74 N. E. 505; *Slinkard* v. *Babb* (1953), 125 Ind. App. 76 and cases there cited, 112 N. E. 2d 876, *supra*.

"In determining whether a peremptory instruction should be given the court must accept as true all facts which the evidence tends to prove and draw, against the party requesting such instruction, all inferences which the jury might reasonably draw. *Orey* v. *Mutual Life Insurance Company of New York* (1939), 215 Ind. 305, 306, 19 N. E. 2d 547; *Holtz* v. *Elgin, etc. Ry. Co.* (1951), 121 Ind. App. 175, 98 N. E. 2d 245; *Chacker* v. *Marcus* (1949), 119 Ind. App. 672, 674, 86 N. E. 2d 708, 69 N. E. 2d 455; *Balzer* v. *Waring* (1911), 176 Ind. 585, 594, 95 N. E. 257, 48 L. R. A., N. S. 834."

Although appellee vigorously contends to the contrary, we are of the opinion that the facts which the evidence in this record and the reasonable permissible inferences afforded thereby, tend to prove, and which must be taken as true as against appellee, are sufficient to warrant a difference in the minds of reasonable men on the question of the alleged negligence of appellee. The direct evidence, while undisputed and uncontradicted, nevertheless supports disputatious inferences upon which reasonable men might differ as to the con-

clusion to be reached. See *Whitaker, etc.* v. *Borntrager, supra,* point 5, page 684.

It is well recognized in this state that the proprietor of a store, such as the type here involved, is not burdened by law with an unusual degree of care for the safety of customers, and is required only to exercise ordinary care to keep said store in a reasonably safe condition, and, while not an insurer of the safety of the customers entering the store, must maintain the store in such manner as not to cause injury to one lawfully entering therein for the purpose of making purchases. Such duty is active and continuous. *Robertson Brothers Department Store, Inc.* v. *Stanley* (1950), 228 Ind. 372, 378, 90 N. E. 2d 809, and the cases therein cited and relied upon.

The difficulty, of course, as in most cases, lies in the application of the pronounced legal principles to the facts of the case. While the submitted question in the instant case is troublesome, yet we are convinced that the record here discloses a situation calling for the submission to the jury of the question of whether or not, under all the facts, circumstances and conditions reflected by the direct evidence and the reasonable inferences deducible therefrom, the appellee actively and continuously performed its legal duty to exercise ordinary care to keep and maintain its store in a reasonably safe condition for use by its invited customer, the appellant. We are further convinced that the evidence and permissible inferences shown by this record are such that the minds of reasonable men might differ on the issue of appellee's alleged negligence. To avoid these convictions, we would be compelled to state as a matter of law that there appears no evidence in the record in favor of appellant upon her alleged essential issue of appellee's negligence. We

are not impressed, upon the record before us, that we can so state.

In our opinion the court committed error in directing a verdict for appellee at the conclusion of appellant's evidence.

The judgment appealed from is reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings.

Pfaff, P. J., Bierly, Gonas, JJ., concur.

NOTE.—Reported in 172 N. E. 2d 74. Transfer denied Bobbitt, C. J., in which Achor, J., dissents.