RUSH ET UX. *v.* CLINGER.

[No. 20,717. Filed May 20, 1968. No petition for rehearing filed.]

678

*Jerrald A. Crowell* and *Bowman and Crowell*, of Fort Wayne, for appellant.

*Arch N. Bobbitt, William D. Ruckelshaus,* of Indianapolis, and *Jesse A. Brown,* of Rochester, for appellee.

PFAFF, J.—This action was brought by appellants against appellee for damages allegedly sustained by appellants to their livestock as a result of alleged malpractice and fraud on the part of the appellee during the course of appellee's employment as a veterinary surgeon by the appellants.

Issues were formed by the appellants' amended complaint in two paragraphs. The first paragraph alleged that appellee was employed by appellants over a period of time to diagnose and treat certain livestock of appellants, and that appellants suffered a loss of certain livestock as the result of appellee's failure to use the ordinary care and skill of a veterinary surgeon in diagnosing and treating said livestock. The second paragraph alleged fraud on the part of appellee in that appellee falsely represented to appellants that tests made on appellants' livestock indicated the presence of leptospirosis and that immediate vaccination was necessary; that because of such vaccination the appellants suffered the loss of certain livestock.

Appellee filed an answer in two paragraphs denying the alleged lack of ordinary skill and care in diagnosing and treating appellants' livestock and denying any alleged fraud in connection therewith.

Trial was had by jury. At the close of appellants' evidence appellee filed a motion for directed verdict, which was sustained by the court. Upon the court's direction and instruction the jury returned a verdict in favor of appellee and judgment was rendered accordingly.

Appellants filed their motion for a new trial on the grounds that:

1. The verdict of the jury is contrary to law;
2. Error of law occurring at the trial, as follows:

(a) The Court erred in sustaining the defendant's motion, made at the close of plaintiffs' evidence, to instruct the jury to return a verdict for the defendant.

(b) The Court erred in giving to the jury at the request of the defendant an instruction to return a verdict for the defendant.

Such motion for new trial was overruled and this appeal followed.

Appellants contend that the trial court erred in giving a peremptory instruction for a directed verdict for the appellee where there is some evidence or legitimate inference which may be drawn therefrom supporting the material allegations of their complaint.

There are numerous cases which set forth the legal principles which govern the consideration of a motion for a directed verdict and peremptory instruction. These principles were cogently enunciated in *Whitaker, Admr.* v. *Borntrager* (1954), 233 Ind. 678, 680, 122 N. E. 2d 734, where the court stated that a trial court may properly give the trial jury a peremptory instruction to find for the defendant in the following instances:

"When there is a total absence of evidence or legitimate inference in favor of the plaintiff upon an essential issue; or where the evidence is without conflict and is susceptible

of but one inference and that inference is in favor of the defendant (citations omitted).

"When there is some evidence or legitimate inference supporting each material allegation of the complaint, the court will not weigh the conflicting evidence or inferences but will consider only the evidence and inferences that are most favorable to the party against whom the motion for a peremporty verdict is directed (citations omitted).

"In determining whether a peremptory instruction should be given the court must accept as true all facts which the evidence tends to prove and draw, against the party requesting such instruction, all inferences which the jury might reasonably draw" (citations omitted). See also: *Thompson v. Owen* (1966), 141 Ind. App. 190, 218 N. E. 2d 351; *Huttinger v. G. C. Murphy Company* (1961), 131 Ind. App. 642, 172 N. E. 2d 74 (transfer denied).

In the case at bar the evidence discloses that the appellee, Philip Clinger, sent blood samples from appellants' livestock to Purdue University to have tests run, and the results were negative as to the presence of leptospirosis. The evidence also discloses that subsequent to receiving the results of the Purdue tests, the appellee entered into a vaccination program to cure and prevent leptospirosis in appellants' livestock, and that immediately following the commencement of the vaccination program a number of appellants' livestock aborted or had stillborn or premature births.

This court is of the opinion that the evidence and the reasonable inferences which may be drawn therefrom are sufficient to warrant a difference in the minds of reasonable men on the question of the alleged negilgence of the appellee.

Based on the authorities cited above and the reasons stated herein, the judgment of the trial court is reversed with instructions to grant appellants' motion for a new trial.

Cook, P. J., Bierly and Smith, JJ., concur.

NOTE.—Reported in 236 N. E. 2d 840.