ECOFF *v.* CENTRAL INDIANA GAS CO.

[No. 20,684. Filed July 15, 1968. No Petition for Rehearing filed.]

*Steward & Austin, Kelley, Arnold & Kelley,* of Anderson, and *Webb, Webb & Smith,* of Noblesville, for appellants.

*Kiley, Osborn, Kiley & Harker,* of Marion, for appellee.

PFAFF, J.—This is an action brought by the appellants, Voyle Ecoff and Vera Ecoff Carter, against the appellee, Central Indiana Gas Company, for property damage arising out of an explosion. The issues were formed by the appellants' amended complaint and the appellee's answer thereto.

At the conclusion of appellants' evidence the appellee filed a motion requesting a directed verdict, which the court sustained, and directed the jury to return a verdict for the appellee. Upon such directed verdict judgment was entered accordingly. Appellants filed a motion for new trial, the pertinent parts of which appellants urge and argue as follows:

"e. The Court erred in ordering, directing and instructing the jury to return a verdict for the defendant at the conclusion of plaintiffs' evidence.

"f. The Court erred in sustaining defendant's motion, made at the close of plaintiffs' evidence, to instruct the jury to return a verdict for the defendant.

"7. The order of the Court directing the jury to return a verdict for the defendant was contrary to the evidence and should not have been given."

Such motion was subsequently overruled and appellants now assign as error to this court the overruling of said motion.

The evidence discloses that the appellants were owners as tenants in common of a parcel of real estate which they had leased to one George W. Early, and upon which was located a gasoline service station. It further discloses that on January 20, 1958, an explosion occurred which completely destroyed the aforementioned property. Prior to and at the time of the explosion the appellee maintained gas lines near appellants' property. In their complaint appellants alleged that the appellee was negligent in the construction and maintenance of said gas lines and in permitting gas to leak from the lines. Appellants contend that these acts and omissions by the appellee were the cause of the explosion in question.

There are numerous cases which set forth the legal principles which govern the consideration of a motion for a directed verdict and peremptory instruction. These principles were cogently enunciated in *Whitaker, Admr. v. Borntrager* (1954), 233 Ind. 678, 680, 122 N. E. 2d 734, where the court stated that a trial court may properly give the trial jury a peremptory instruction to find for the defendant in the following instances:

"When there is a total absence of evidence or legitimate inference in favor of the plaintiff upon an essential issue; or where the evidence is without conflict and is susceptible of but one inference and that inference is in favor of the defendant. (Citations omitted.)

"When there is some evidence or legitimate inference supporting each material allegation of the complaint, the court will not weigh the conflicting evidence or inferences but will consider only the evidence and inferences that are most favorable to the party against whom the motion for a premptory verdict is directed. (Citations omitted.)

"In determining whether a peremptory instruction should be given the court must accept as true all facts which the evidence tends to prove and draw, against the party requesting such instruction, all inferences which the jury might reasonably draw." (Citations omitted.)

See also: *Rush v. Clinger* (1968), 142 Ind. App. 677, 236 N. E. 2d 840; *Thompson v. Owen* (1966), 141 Ind. App. 190, 218 N. E. 2d 351; *Huttinger v. G. C. Murphy Company* (1961), 131 Ind. App. 642, 172 N. E. 2d 74 (transfer denied).

In the case at bar the record fails to disclose any evidence which supports the presence of a leak in appellee's gas lines. The record also fails to contain any evidence which tends to support appellants' proposition that the actual cause of the explosion might be attributed to the acts of appellee.

This court is of the opinion that the material allegations of appellants' complaint are not supported by evidence which reasonable minds could accept as adequate to support the conclusion.

Based on the authorities cited above, and the reasons stated herein, the judgment of the trial court is affirmed.

Cook, P.J., Bierly and Smith, JJ., concur.

NOTE.—Reported in 238 N. E. 2d 676.