MORGAN ET AL. *v.* MULL ET UX.; BABCOCK, EXECUTOR ETC.

[No. 468A76. Filed June 5, 1969. No petition for rehearing filed.]

*Carl J. Sandy, Littell and Carey,* of Lafayette, for appellants.

*Vernon E. St. John,* of Lafayette, for appellees.

PFAFF, C. J.—This appeal involves the question of the validity of the last will and testament of Nellie M. Morgan, deceased. The cause was originally filed in the Tippecanoe Circuit Court, but subsequent to the formulation of all pertinent issues, venue was changed to the White Circuit Court. Plaintiffs-appellants' complaint alleged that the deceased's will was invalid because at the time of execution the deceased was not of sound mind, that execution was had under duress and undue influence, and, further, that said will was obtained by fraud. Trial was by jury and, after appellants presented their evidence, appellees moved for a directed verdict in their favor and said motion was thereupon sustained.

Appellees, in conjunction with their motion for directed verdict, also submitted a peremptory instruction directing the jury to return a verdict for the defendants-appellees. The court gave this instruction to the jury and, as directed, said jury returned a verdict in appellees' favor. The appellants' motion for new trial, which was overruled,

alleged that the verdict is contrary to law, that the court erred in sustaining appellees' motion for directed verdict at the close of appellants' evidence, and that the court erred in the giving of peremptory instruction No. 1.

The sole question on appeal is whether the court was correct in instructing the jury to return a verdict in appellees' favor. In considering the evidence most favorable to the non-moving parties, appellants herein, we conclude that it was reversible error for the court to instruct the jury to return a verdict in appellees' favor at the close of appellants' evidence, and, therefore, appellants' motion for new trial was improperly overruled.

As stated in *Garr v. Blissmer et al.* (1962), 132 Ind. App. 635, 639, 177 N. E. 2d 913 (Transfer denied):

> "In considering error in sustaining a motion for a directed verdict, we accept as true all facts unfavorable to the moving party which the evidence tends to prove and all inferences reasonably deducible therefrom. *Ax v. Schloot* (1946), 116 Ind. App. 366, 369, 64 N. E. 2d 668."

The evidence adduced at trial on behalf of the plaintiffs-appellants was uncontradicted and showed that the testatrix was becoming physically incapacitated in that she was suffering loss of vision, often was plagued with a very bad memory, and her conversations were confused and incoherent, all of which was prior to the execution of the will in question. The evidence further showed that four years prior to the execution of her will, the testatrix executed a power of attorney to the appellee, Edna Mull, because she was incapable of managing her business affairs.

In *Whitaker, Admr. v. Borntrager* (1954), 233 Ind. 678, 680, 122 N. E. 2d 734, the Supreme Court stated:

> "A single question is presented by this appeal. That question is: Did the trial court err in sustaining a motion for

a peremptory instruction in favor of the defendant, at the close of plaintiff's evidence? If that action was error the cause should be reversed. Otherwise it should be affirmed. When may a trial court properly give the trial jury a peremptory instruction to find for the defendant? The answer seems to be:

"When there is a total absence of evidence or legitimate inference in favor of the plaintiff upon an essential issue; or where the evidence is without conflict and is susceptible of but one inference and that inference is in favor of the defendant. *Jackson Hill Coal and Coke Co. v. Bales et al.* (1915), 183 Ind. 276, 279, 108 N. E. 692. *Slinkard v. Babb* (1953), 125 Ind. App. 76, and cases there cited. 112 N. E. 2d 876, 878; *Gregory v. The C.C.C. and I.R.R. Co.*, 112 Ind. 385, 388, 14 N. E. 2d 228.

"When there is some evidence or legitimate inference supporting each material allegation of the complaint, the court will not weigh the conflicting evidence or inferences but will consider only the evidence and inferences that are most favorable to the party against whom the motion for a peremptory verdict is directed. *Jackson Hill Coal and Coke Co. v. Bales et al.* (1915), 183 Ind. 276, 280, *supra;* *American Food Co. v. Halstead* (1905), 165 Ind. 633, 638, 76 N. E. 251. See also *Heath v. Sheetz* (1905), 164 Ind. 665, 667, 74 N. E. 505. *Slinkard v. Babb* (1953), 125 Ind. App. 76, and cases there cited; 112 N. E. 2d 876, 878, *supra.*

"In determining whether a peremptory instruction should be given the court must accept as true all facts which the evidence tends to prove and draw, against the party requesting such instruction, all inferences which the jury might reasonably draw. *Orey v. Mutual Life Insurance Company of New York* (1939), 215 Ind. 305, 306, 19 N. E. 2d 547; *Holtz v. Elgin, etc., Ry. Co.* (1951), 121 Ind. App. 175, 98 N. E. 2d 245; *Chacker v. Marcus* (1949) 119 Ind. App. 672, 674, 86 N. E. 2d 708, 89 N. E. 2d 455; *Balzer v. Waring* (1911), 176 Ind. 585, 594, 95 N. E. 257, 48 L. R. A., N. S. 834."

Indiana authorities concisely state that the giving of a peremptory instruction to return a verdict for the defendant is reversible error when the plaintiff has produced some evidence which, with all inferences and intendments thereto, fairly tends to prove the essential is-

sues of the plaintiff's case. *Kampo Transit, Inc., et al. v. Powers* (1965), 138 Ind. App. 141, 211 N. E. 2d 781.

In addition to our brief summation of the evidence presented to the jury before the court granted defendants' motion for a directed verdict in their favor, three lay witnesses testified, subsequent to facts and opinions which could serve as a foundation for their testimony, to the fact that, in their opinion, the testatrix was not of sound mind at the time the will was executed. The record also shows that the jury could have inferred that the testatrix for some time prior to her death was under the influence and direction of the appellees and, further, that the testatrix was never allowed to talk alone with any of her sons, appellants herein.

In our opinion the record meets the evidentiary requirements of Indiana authorities on this point, and notwithstanding the fact that it may be subject to speculation or inference, or even classified as circumstantial, the total effect of all the evidence heard should have been left to the jury's determination. It was error for the court to take this dispute between family members from the fair and impartial minds of twelve jurors.

Judgement reversed with instructions to grant appellants motion for a new trial.

Pursuant to Acts 1881 (Spec. Sess.), ch. 38, § 652, p. 240, § 2-3237, Burns' 1968 Repl., the appellants shall recover costs.

Hoffman and Sharp, JJ., concur; White, J., dissents without opinion.

NOTE.—Reported in 248 N. E. 2d 176.